## THE CREAMERY PACKAGE MANUFACTURING COMPANY v. HOTSENPILLER.

[No. 3,009.    Filed February 16, 1900.]

MASTER AND SERVANT.—*Personal Injuries.—Defective Machinery.— Complaint.*—A complaint by an employe for personal injuries caused by defective machinery must, in addition to the general averments of negligence and freedom from contributory fault, allege that plaintiff had no knowledge of the defective and unsafe condition of the machinery, and that defendant knew of such defects, or by use of ordinary care could have known thereof.

From the Randolph Circuit Court.    *Reversed.*

*J. F. LaFollette* and *J. J. M. LaFollette*, for appellant. *R. H. Hartford*, for appellee.

HENLEY, J.—This was an action for damages sustained by appellee while a servant in the employ of appellant. The alleged cause of the injury was the defective and unsafe machinery with which appellee was working at the time the injury was received. The complaint is in two para-

graphs. It is averred in each paragraph of the complaint that appellant was negligent, and that appellee was free from contributory negligence, that appellee had no notice or knowledge of the defective and unsafe condition of the appliance with which he was working; but the complaint wholly fails to aver appellant's knowledge of the defective and unsafe condition of the machinery or appliance, or that by the use of ordinary care appellant could or would have known of such defects.

It is the settled rule of law in this State that in suits by a servant against the master growing out of a negligent failure of the master to furnish the servant a safe working place or safe appliances, that knowledge is an independent element of liability which is not included in the general averments of negligence or freedom from contributory fault. And so in a case like the one under consideration, knowledge of the defect upon the part of the master must be affirmatively shown by the complaint. *New Kentucky, etc., Co. v. Albani,* 12 Ind. App. 497; *Lake Shore, etc., R. Co. v. Kurtz,* 10 Ind. App. 60; *Cleveland, etc., R. Co. v. Sloan,* 11 Ind. App. 401; *Chicago, etc., R. Co. v. Fry,* 131 Ind. 319; *Evansville, etc., R. Co. v. Duel,* 134 Ind. 156; *DePauw Co. v. Stubblefield,* 132 Ind. 182; *Pennsylvania Co. v. Sears,* 136 Ind. 460; *Ames v. Lake Shore, etc., R. Co.,* 135 Ind. 363; *Pennsylvania Co. v. Congdon,* 134 Ind. 226, 39 Am. St. 251; *Kentucky, etc., Co. v. Eastman,* 7 Ind. App. 514; *Peterson v. New Pittsburgh, etc., Co.,* 149 Ind. 260.

The two cases so strongly relied upon by appellee, *Ohio, etc., R. Co. v. Pearcy,* 128 Ind. 197, and *Louisville, etc., R. Co. v. Utz,* 133 Ind. 265, are in conflict with the later authorities in the same court, and can not now be regarded as stating the law.

Judgment reversed, with instructions to the lower court to sustain the demurrer to each paragraph of the complaint.