## NORTON-REED STONE COMPANY v. STEELE, ADMINISTRATOR.

[No. 4,428.    Filed December 11, 1903.]

MASTER AND SERVANT.—*Negligence.*—*Defective Appliances.*—*Complaint.* —A complaint against a master for injuries received by his servant on account of defective appliances should charge that the use of such appliances was dangerous, that such defects were known to the master, and connect the defects with the injury. *pp. 50–52.*

APPEAL AND ERROR.—*Harmless Error.*—*Verdict on Good Paragraph.*— In order to render the ruling of the court in sustaining defective paragraphs of complaint harmless on the ground that the verdict was founded on a good paragraph, the record must show affirmatively that the verdict was exclusively on the good paragraph. *pp. 52, 53.*

MASTER AND SERVANT.—*Complaint.*—*Personal Injury.*—*Negligence.*— *Proximate Cause.*—A complaint for the death of a servant, alleging that defendant negligently left a protrusion from a pulley, and then negligently used said defective pulley, and because of the protrusion the belt was caught and the servant was killed, sufficiently shows that the negligence of defendant was the proximate cause of the injury.    *p. 53.*

SAME.—*Negligence.*—*Personal Injuries.*—*Complaint.*—*Employers' Liability Act.*—A complaint against the master for injuries to a servant alleging that the servant was acting in obedience to orders, and defendant negligently furnished defective machinery, specifically describing it; that the servant was doing extra hazardous work by order of defendant; that defendant knew of the danger and the servant did not, and that the injury was caused by reason of the defect, is good under the employers' liability act, and also at common law.    *p. 53.*

From Orange Circuit Court, *Thomas B. Buskirk,* Judge.

Action by Dath Steele, administrator of the estate of William Mason, deceased, against the Norton-Reed Stone Company.    From a judgment for plaintiff, defendant appeals.    *Reversed.*

*H. C. Duncan, I. C. Batman* and *E. K. Dye,* for appellant.

*C. C. Matson, J. G. Giles* and *W. P. Kappes,* for appellee.

COMSTOCK, J.—Appellee instituted this action in the circuit court of Lawrence county against appellant for negligently causing the death of appellee's decedent, Wilbur Mason. A change of venue was taken to Greene county, and from Greene county to Orange county, where a trial resulted in a verdict and judgment in favor of appellee for $6,250. With the general verdict the jury returned answers to interrogatories.

Counsel for appellee, at considerable length, earnestly and ably argue that the record presents no question on appeal, because of the alleged lack of proper authentication of the transcript by the clerks of Lawrence and Greene Circuit Courts, respectively. The point is decided adversely to appellee's claim in *Southern Ind. R. Co.* v. *Martin,* 160 Ind. 280.

The complaint is in three paragraphs. A demurrer to each was overruled, and each ruling assigned as error. The first paragraph alleges that the defendant is a corporation engaged in quarrying, sawing, and planing limestone in Lawrence county, Indiana, and owned and operated a stone saw and planing mill; that a great many persons were employed, among whom the plaintiff's decedent, who was an able-bodied man, rendering the defendant much valuable service; that he had been in the defendant's employ about two years prior to the 13th day of August, 1900, and had worked as a scabbler of stone in its yard at $1.50 per day, and for a few days prior thereto he had been working as a planer for the sum of $2 per day, and "while so employed it was his duty to work at the planing machine, and, when required, to grind the tools for small repairs, and while decedent was so employed in grinding tools for small repairs so stated, under and by direction of the superintendent of said mill, one Richard Roberts, under whose direction he was required by said defendant to work, and, by reason of a defective belt on main lift

shaft running the emery wheel, the clothes of the decedent were caught and whirled rapidly over the main lift shaft and wheel, and was then and there thrown upon the machinery and belting surrounding the machinery and wheel, so as to bruise and mangle him, and from the effects thereof to kill him instantly; that the belt so used by the defendant as aforesaid was defective, and of insufficient strength for the purpose for which it was used; that the said belt had been broken, by reason of its insufficient strength, twice during the day of the accident, and prior thereto on days before the same, of which the defendant had full knowledge, and of which breaking and insufficiency the decedent had no knowledge whatever."

The only defect charged in the first paragraph is that the belt "was defective and of insufficient strength for the purposes for which it was used." The breaking of the belt prior to the accident is averred, and decedent's want of knowledge is stated as follows: "And of which breaking and insufficiency the decedent had no knowledge." Said paragraph does not charge negligence upon the part of appellant. It charges that decedent's clothes were caught by a defective belt, but it does not charge that the use of a defective belt was dangerous, or its use negligent.

The second paragraph sets out practically the same facts with reference to the defendant, the business in which engaged, the employment and service of the decedent, and says: "And the plaintiff alleges that one Richard Roberts was then and there the superintendent of said mill and in charge of said mill for the defendant, and entrusted by the defendant with the duty of keeping the planer, tools, and machinery of said mill in proper condition, and had authority to direct said decedent in the performance of his work, and was then and there acting in the place of and performing the duty of said defendant in that behalf, and the said decedent was then and there in the exercise of due care and diligence. And this plaintiff further avers

Norton-Reed Stone Co. v. Steele.

that said Roberts, superintendent as aforesaid, then and there had authority from the defendant to hire and discharge the men in the service of the defendant in said mill, including said decedent; and, further, the plaintiff alleges that on the occasion of the grievances hereinafter complained of the said decedent was obliged to conform and did conform to the orders of said superintendent aforesaid, and was then and there acting in obedience to the particular instructions given by said superintendent. And the plaintiff says that on the 13th day of August, 1900, his said decedent being employed as aforesaid as a planer in defendant's stone mill, and it being then and there his duty under said employment to plane stone on the planers in said mill and to grind the tools used by him in said work, where small repairs were needed, by the use of machinery for that purpose provided by the defendant in said mill, and being engaged in grinding his tools and standing at the proper and usual place for that purpose, and at that time acting under the express orders and directions of said superintendent as aforesaid, so clothed with authority as aforesaid, while engaged in grinding his said tools as aforesaid, by reason of certain defects in said machinery, as hereinafter set out, so used for grinding tools, and then and there used by the defendant in its business as aforesaid, the belt used on said machinery for grinding tools was broken, and thereby the clothes of the decedent were caught by the broken belt and other machinery of said mill and grinding apparatus, and said decedent was thereby whirled over the main lift shaft and wheel of said machinery, and was thrown with great violence upon the machinery and belting and other things surrounding said shaft and wheel, and was thus so bruised and mangled that from the effects thereof he died instantly. And the plaintiff alleges that the belt so used by said defendant on said wheel was defective and insufficient in strength for the purpose for which it was used; that said belt had been

cut, split, and broken by reason of the defects in the pulley and other machinery over which it passed; that said pulley had an uneven surface, which cut and wore said belt and rendered it weak, and had broken twice on the day pri., and that all on account of defects hereinafter set out; and of which defects and breaking the defendant had full knowledge, but of which defect and breaking the decedent had no knowledge whatever; and the said plaintiff charges that the death of decedent as aforesaid was the direct result of the negligence of the defendant as charged as aforesaid." The second paragraph alleges that the belt was "defective and insufficient in strength for the purposes for which it was used," and states how its strength was impaired, but does not connect the injury with the defect. It avers that "the death of decedent was the result of the negligence of the defendant as charged aforesaid," but negligence had not been charged. Neither of said paragraphs contains averments that the alleged defects made the place in which the decedent was working dangerous, or that they endangered the safety of the decedent.

A complaint against a master for injuries received by his servant on account of defective appliances should charge that the use of such appliances was dangerous and that such defects were known to the master. *Consolidated Stone Co.* v. *Summit,* 152 Ind. 297; *Creamery, etc., Mfg. Co.* v. *Hotsenspiller,* 24 Ind. App. 122. Neither of the said paragraphs shows the negligence of the defendant, or the acts of negligence of the servant for which it is sought to hold the defendant liable, to be the proximate cause of the injury. The court erred in holding said paragraphs sufficient.

But appellee, while insisting that each of said paragraphs is sufficient, makes the point that the answers to interrogatories show that the verdict was founded on the third paragraph, and that if the paragraphs in question were defective the ruling on the demurrer thereto was

harmless. To sustain appellee's claim the record should show affirmatively that the verdict was exclusively on the good paragraph. *Perry* v. *Greensburg, etc., Turnpike Co.,* 43 Ind. 321; *Wolf* v. *Schofield,* 38 Ind. 175. The record shows that the verdict rests on all the paragraphs.

The objection made to the amended third paragraph is that it does not allege that the defendant's negligence caused the death of the decedent. It is alleged in said paragraph that the defendant negligently left a protrusion from said pulley on the side thereof, and then negligently used said defective pulley; that because of the protrusion the belt was caught and decedent killed. This is a statement of proximate cause.

It is claimed that the said amended third paragraph does not come within the employers' liability act. As showing negligence at common law, it is alleged that the decedent, as defendant's servant, was acting in obedience to orders, and defendant negligently furnished defective machinery, specifically describing it; that the decedent was doing extra hazardous work by order of the defendant; that the defendant knew of the danger and the decedent did not; that by reason of the defect decedent was caught and killed. These allegations are sufficient as a cause of action.

This paragraph is good, too, under the employers' liability act, for it shows, following the words of the statute, that the injury was suffered by reason of the defects in the condition of machinery in use in the business of such corporation and that such defect was the result of the negligence of such corporation. Acts 1893, p. 294, §1, clause 1.

It not appearing that the judgment proceeds upon the one good paragraph, it must be reversed. The consideration of other alleged errors is unnecessary. The trial court is instructed to sustain appellant's demurrer to the first and second paragraphs of complaint.