Standard Oil Co. v. Fordeck.

---

## Standard Oil Company of Indiana v. Fordeck.

[No. 4,747.  Filed May 24, 1904.  Rehearing denied October 14, 1904. Transfer denied November 29, 1904.]

1. Master and Servant.—*Obvious Dangers.*—*Assumption of Risk.*— An employe assumes the risk of all defects and dangers that are obvious, or discoverable by the use of ordinary care.  p. 186.

2. Same.—*Latent Defects.*—It is not the duty of the servant to search or hunt for defects or dangers, nor to inspect critically the appliances furnished by the master.  p. 186.

3. MASTER AND SERVANT.—*Dangers Known to Servant:—Contributory Negligence.*—It is only where a servant knowingly and voluntarily encounters a danger that such knowledge may constitute a defense, but the fact of knowledge is material to go to the jury on the question of contributory negligence.   p. 187.

4. PLEADING.—*Negativing Knowledge of Defect.—Implied Knowledge.* —A pleading which negatives knowledge of a defect or danger negatives not only actual knowledge but implied knowledge.   p. 187.

5. MASTER AND SERVANT.—*Duty of Master to Warn Against Dangers.* —It is the master's duty to warn the servant against dangers unknown to the servant, and not discoverable by ordinary care, but this rule applies only to the dangers known by the master and those which by the use of ordinary care ought to be known by him, and the notice to the servant should be given before the servant is set to work.   p. 187.

6. PLEADING.—*Complaint.—Hidden Dangers.—Assumption of Risk.*— Where the complaint by a servant against the master states that the master, knowing all about the dangers, set the servant to work to cut off rivet heads from a large oil still and that small, fine pieces of steel, undiscoverable by the servant and unknown by him, flew off at intervals; that on the second day of his employment such a piece flew and struck him, destroying the sight of one eye, and that the master did not warn him of the danger, states a cause of action, and shows that the servant did not assume such risk.   p. 187.

From Porter Circuit Court; *H. B. Tuthill,* Judge.

Action by Joseph Fordeck against the Standard Oil Company of Indiana. From a judgment rendered on a verdict for $1,800, defendant appeals. *Affirmed.*

*A. D. Eddy, J. B. Peterson* and *E. D. Crumpacker,* for appellant.

*Peter Crumpacker* and *D. J. Moran,* for appellee.

HENLEY, J.—This was an action commenced by appellee against appellant to recover damages for an injury received by appellee through the alleged negligence of the appellant. The complaint was in two paragraphs. The averments of the first paragraph of complaint are substantially as follows: That appellant is a corporation engaged in the business of refining oil at the town of Whiting, Lake county, Indiana, and employs in such business about 1,500 workmen; that it uses in its business about two

hundred stills for refining crude oil; that these stills are cylindrical in form, being twelve to fifteen feet in diameter and twenty to thirty feet in length, and are made of plates of boiler iron ten by fifteen feet in dimensions; that these plates are riveted together at the lapped edges with rivets seven-eighths of an inch in diameter, the heads of the rivets being one and one-half inches in diameter; that appellant employed a superintendent of stills, whose name was unknown to appellee, who had charge of the repairing of the stills, and had charge of the men engaged in that work; that in taking out defective and worn portions of the stills it was necessary to cut the rivets which held the plates together, and this work was done by means of a chisel set upon the rivet and held upon it by means of a long wooden handle, the chisel being struck by a heavy hammer or sledge; that the head of the chisel is made of softer iron than the sledge, and the constant pounding caused delicate scales of steel to form on the head of the chisel, which scales would occasionally fly from the head of the chisel with great force and velocity, and that such scales were likely to form and fly from the head of the chisel at any time; that on account of the size and shape and the rapid flight of such scales they could not be detected by the naked eye; that a person might work, using the hammer and chisel in cutting rivets, for a week or a month without knowing that such scales formed, or that any danger arose from the work; that such work was apparently not dangerous; that a person of ordinary intelligence, having full use of all his senses, but having no instruction or knowledge of the subject, would require months in the pursuance of such work before learning of the danger attending the work on account of the flying scales; that appellant and its superintendent knew all of the facts concerning the formation of scales and the danger arising therefrom; that appellee is a common laborer; that he applied for work as such to the appellant, and was engaged

and put to work cutting rivets in the said stills; that he was entirely unacquainted with such work, and unskilled therein, and had no knowledge whatever of any danger attending said work, but believed that the same was safe, and that he did not and could not discover the danger from the scales which were likely to form and fly from the head of the chisel used in said work; that, because of his not knowing how to hold the chisel properly, he was put to work handling the sledge; that his employment began on the morning of the 21st day of June, 1901; that on the following morning he was set to work in still No. 100, cutting rivets at a place which the said superintendent had marked; that said still was twelve feet in diameter and twenty feet long, and extended horizontally from east to west; that when appellee was put to work in said still two other persons were cutting rivets on the north side and at the east end of said still; that the said other persons were working on a platform elevated about two feet above the bottom of the still, and appellee and his co-laborers were at the west end of said still, cutting rivets in the bottom thereof; that shortly thereafter two other persons were brought into the said still and put to cutting rivets on the south side thereof at the east end on the platform, thereby making two gangs cutting rivets in the east end and one in the west end of said still; that about 11 o'clock in the morning of said second day of appellee's employment, appellant's superintendent ordered appellee and his co-laborer to cut rivets at a point within four feet of where the other two gangs were cutting rivets on said platform; that said superintendent had the power and authority and at all times directed appellee as to what work he should do, and where he should perform the same, and that it was appellee's duty to obey and he did obey him.

That while appellee was so engaged in using the sledge, and after he had been so engaged, in close proximity to the other two gangs for a period of about twenty minutes, a

scale from the chisel of the men working in the north side
of said still at the east end of said still struck appellee in
the right eye, totally destroying the sight thereof; that
appellee knew nothing of the flying of said scales, or the
formation thereof, or of the danger arising therefrom, and
that he could not gain such knowledge by the use of
his senses; that he was never in any manner informed
by appellant of such danger, nor was he in any manner
informed by appellant that such scales would form and
fly off when the chisel was struck by the hammer, nor
was he informed by appellant of the danger likely to
result therefrom, but that appellant negligently and care-
lessly failed, omitted and refused to give appellee any
information whatever, or any instruction concerning the
danger incident to the work which he was set to do; that
appellant and its superintendent knew of the danger, and
knew that said danger was not open to ordinary observa-
tion, or could be avoided by ordinary precaution; that
appellant knew that appellee had no knowledge of the for-
mation and flying of said scales, or of the danger likely
to result therefrom; that appellant negligently and care-
lessly set appellee to work in said position without giving
him any notice or information on the subject whatever;
that the place in which appellee was directed to work was
unsafe and highly dangerous by reason of its close prox-
imity to the other persons working in said still as rivet
cutters, on account of the liability of the scales to form on
the heads of the chisels with which said other cutters were
working, and on account of the flying of said scales from
the heads of such chisels; that when appellee was injured,
as aforesaid, the facts and conditions constituting the dan-
ger were unknown to him, but were known to appellant,
and had appellee known of the danger he would have
refused to perform said work, and would have refused said
employment; that appellee had never worked in said ca-
pacity before, and knew nothing whatever of said work;

that appellant negligently and carelessly set him to work without giving him any instruction as to his work or the danger thereof, or as to the means or manner of avoiding such danger. Following these allegations the complaint contains the statement of the injury suffered by appellee, the allegations of pain and suffering, of money expended in nurse's and physician's hire, the amount of wages appellee could earn before his injury, and concludes with the general allegation that all of the injuries are a direct result of the aforesaid careless and negligent conduct of the appellant.

The second paragraph of complaint is precisely like the first, except that it avers that the piece of iron which struck appellee and destroyed his eyesight was thrown from the chisel used by the men cutting rivets on the platform on the south side of the still.

Appellant's demurrer to each paragraph of the complaint for want of facts was overruled. The cause was put at issue by a general denial. The trial resulted in a verdict and judgment in favor of appellee. The errors assigned question the ruling of the trial court in overruling the demurrer to each paragraph of the complaint, and in overruling the appellant's motion for a new trial.

The argument of counsel for appellant against the sufficiency of appellee's complaint is based upon the proposition that the complaint shows upon its face that the risk was one which appellee assumed when he accepted employment from appellant.

1. It is a settled rule that defects or dangers that are obvious and open to ordinary, careful observation, and such as are or should be known by the exercise of ordinary care, are assumed by the employe. *Peerless Stone Co.* v. *Wray* (1896), 143 Ind. 574; *Ames* v. *Lake Shore, etc., R. Co.* (1893), 135 Ind. 363; *Evansville, etc., R. Co.* v. *Duel* (1893), 134 Ind. 156.

2. And although an employe is required to see and

avoid all obvious perils, it is not his duty to search for defects or dangers, nor critically to examine and inspect the appliances which are placed in his hands for his use. *Cincinnati, etc., R. Co.* v. *McMullen* (1889), 117 Ind. 439, 10 Am. St. 67; *Brazil Block Coal Co.* v. *Gibson* (1903), 160 Ind. 319.

3. "It is only where the person injured, knowing and appreciating the danger, voluntarily encounters it, that such knowledge is a defense. It is said, however, that knowledge is a material fact for the consideration of the jury in determining whether, under all the circumstances, the plaintiff was guilty of contributory negligence." *City of Ft. Wayne* v. *Christie* (1901), 156 Ind. 172.

4. "While an employe assumes the risk from obvious defects or dangers, open to ordinary, careful observation, or such as would be known by the exercise of ordinary care, * * * yet it is only necessary to allege that he did not know of such defect or danger; and such allegation not only repels actual knowledge, but any implied knowledge." *Consolidated Stone Co.* v. *Summit* (1899), 152 Ind. 297, and cases cited.

5. It is the duty of the master and he is bound to give notice to the servant of dangers unknown to the servant, and which are not obvious or discoverable by ordinary care and inspection. This rule applies only to such risks or dangers as are known to the master, or by the exercise of ordinary care should be known to him. Notice of such unassumed danger must be given to the employe before the service involving it is required. *Salem Stone, etc., Co.* v. *Griffin* (1894), 139 Ind. 141.

6. Under the rules of law, as here announced, which seem to be settled and unquestioned in this State, appellee's complaint states a cause of action.

The evidence is conflicting. A careful examination of the evidence given by appellee upon the trial shows that every material allegation of the complaint was, at least to

the extent of appellee's testimony, supported by direct and positive evidence. There was, then, some evidence to sustain the verdict.

Judgment affirmed.