# W. B. Conkey Company *v.* Larsen, by Next Friend.

[No. 21,448. Filed March 10, 1910.]

1. Master and Servant.—*Safe Place.*—*Assumption of Risk.*—It is the duty of a master, at the common law, to furnish for his servant a reasonably safe working place and appliances, but the servant assumes the risk of such dangers as are open and known, and such others as subsequently arise and are voluntarily incurred. p. 589.

2. Master and Servant.—*Duty to Warn.*—Where a servant, from youth or other cause, is deficient in experience in the operation of a dangerous machine, it is the master's duty to warn him of such dangers; but where the dangers are open and appreciated, no duty to warn exists. p. 589.

3. Master and Servant.—*Duty to Warn.*—*Complaint.*—A complaint by a boy sixteen years old alleging that the master failed to warn him of the dangers of a machine, and that he had worked at the machine at intervals since his employment, is bad, where it fails to allege the length of time the plaintiff had operated the machine, or that the plaintiff was not possessed of the ordinary faculties. p. 590.

4. Master and Servant.—*Dangerous Machinery.*—*Complaint.*—A complaint alleging that defendant set the plaintiff to work on a machine that could have been rendered safe by a clamp with which to hold in position the pieces to be cut,.that defendant negligently failed so to provide it, that by reason thereof plaintiff, who was young and inexperienced, had three fingers cut off, does not state a cause of action. p. 590.

5. Master and Servant.—*Inexperience.*—*Complaint.*—*Allegations.* —A complaint alleging that the plaintiff, a sixteen-year old servant, "was inexperienced in the use of machinery," does not show that he was inexperienced as to the use of the machine which caused his injury. p. 591.

6. Master and Servant.—*Negligence.*—*Complaint.*—A complaint for negligence must show that the servant's injury was proximately caused by some negligence on the master's part. p. 591.

7. Master and Servant.—*Duty to Warn.*—A master is not required to warn his servant against unexpected, improbable and unusual occurrences. p. 591.

8. Master and Servant.—*Negligence.*—*Defects.*—*Complaint.*—A complaint by a servant against his master, failing to show that the alleged dangerous machine had caused other injuries, or that

it was calculated to produce the injury suffered by the plaintiff, is bad, since for extraordinary or unexpected injuries the master is not liable. p. 591.

9. MASTER AND SERVANT.—*Defective Machinery.—Notice.—Complaint.*—A complaint alleging that a servant was injured by reason of a defect in a mortiser on which he was working, is bad, where it fails to state that the master knew thereof. p. 592.

10. MASTER AND SERVANT.—*Defective Machinery.—Assumption of Risk.*—At the common law, a servant who continues to work upon a defective machine, after knowledge thereof, assumes the risk of dangers therefrom. p. 592.

11. APPEAL.—*Judgment Founded Upon Two Paragraphs of Complaint.*—A judgment founded upon a good and a bad paragraph of complaint will be reversed, unless it is affirmatively shown that it rests exclusively upon the good paragraph. p. 593.

From Laporte Superior Court; *Harry B. Tuthill,* Judge.

Action by John Larsen, by his next friend, against the W. B. Conkey Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*John B. Elam, J. W. Fesler, Harvey J. Elam* and *William J. Whinery,* for appellant.

*F. N. Gavit, L. T. Meyer* and *J. E. Westfall,* for appellee.

HADLEY, C. J.—This was an action for an injury to the hand, received by an employe while operating a mortising machine in the appellant's electrotyping plant. The complaint is in two paragraphs, to each of which a demurrer for an insufficiency of facts was overruled. An answer in general denial was then filed, trial by jury, and verdict for the plaintiff for $6,500, for which amount judgment was rendered over a motion for judgment on answers to interrogatories and a motion for a new trial.

The errors relied on for reversal are: (1) Overruling appellant's demurrer to the first paragraph of the complaint; (2) overruling appellant's motion for judgment on the answers to interrogatories; (3) overruling appellant's motion for a new trial.

The pertinent parts of the first paragraph are, in substance, as follows: That appellant maintained and operated

a lithographing plant and factory in the city of Hammond; that, among other machinery, it used and operated a mortising machine supplied with knives, or chisels, attached to a shaft, which shaft and chisels, when the machine was operated, revolved rapidly, bringing said chisels in contact with a certain cut, or piece to be cut or mortised, composed of a hardwood base with a metal top; that such cut, in order to be brought in contact with said chisels, was placed upon a table which was a part of said machine and which was underneath said shaft, and said table was so arranged that the same could be raised or lowered to any desired position by the use of a pedal operated by the foot of the operator of such machine; that while said cut was being raised with said table to such point that it could come in contact with said chisels, and while being cut by said chisels revolving against it, the cut was required to be held firmly in place on said table by the hand of the operator; that it was practicable to have placed a clamp or spring upon said machine which could hold the cut in place while it was being cut, thereby making it unnecessary that the operator should hold it with his hands, but defendant carelessly and negligently caused said machine to be operated by plaintiff without said clamp or spring; that the operating of said machine without said clamp or spring was extremely hazardous, and there was great danger that the force of said chisels, cutting into said cut while plaintiff was so holding it with his hand, would cause said cut to swerve from the position in which it was held and throw the plaintiff's hand against said chisels; that defendant carelessly and negligently set plaintiff to work at said machine and required him so to operate it while in said condition without in any way warning him of the danger of his hand's being so thrown in contact with said chisels, or instructing him as to the manner of preventing such contact of his hand with said chisels; that defendant carelessly and negligently failed to warn plaintiff of said danger from the operation

of said machine, or to instruct him in the manner of doing said work at any time before his said injury; that at the time plaintiff received his said injury he was under the age of sixteen years, and wholly inexperienced in the use of machinery, and defendant then and at all times prior thereto had full notice and knowledge of plaintiff's said youth and inexperience; that plaintiff did not, at the time of receiving his said injury, know or appreciate the danger to his hands from operating said machine in said manner in said condition; that if the plaintiff had been instructed as to said dangers and as to the method of preventing his hands from being thrown in contact with said chisels while in action, he would have avoided injury to himself in the operation of said machine; that on November 30, 1906, the plaintiff was required to and did, in the course of his said employment, start said machine, and said shaft and chisels attached thereto, to revolving rapidly, by applying the electric power thereto, and did, in the course of his said employment, place a certain cut upon said table and then hold the same firmly with his hand upon said table, and did then raise said table by the use of such foot pedal, until said cut came in contact with said chisels; that said cut was sufficiently large that the space on which his hand so rested by holding the cut in place did not come within a distance of four inches from said chisels and the point on said cut which was being cut by said chisels, and when said cut came in contact with said chisels, at the point where it was intended by the plaintiff it should be cut, said chisels threw said cut from the position in which plaintiff was so holding it, and by the force of such throwing of such cut did throw plaintiff's right hand against and under said chisels while they were revolving, and by reason thereof three fingers of his right hand were cut off at the knuckle joints.

Appellee claims nothing more for the first paragraph of his complaint than that it rests upon the common law, and in bringing the case within the old law he counts upon the

master's failure to warn and instruct the plaintiff in the use of said machine and how to avoid the dangers arising from its operation, at the time knowing the plaintiff to be inexperienced in the use of the machine and ignorant of the dangers to his hand from the swerving of the cut.

Appellant submits that the paragraph is bad, for failure to charge that the master had knowledge, either actual or constructive, of the dangerous character of the machine complained of, and for failure to show that the master possessed any superior knowledge of how such danger might be avoided.

It is elementary that the old law requires the master to furnish his servant with a working place and appliances that are reasonably safe, and to keep them so, except

1. as to such dangers as are open, ordinary and common to such place or instrumentality, which the servant is held to know and assume under his contract of employment, and except further such new dangers as arise and are voluntarily encountered by the servant after knowledge and comprehension of the same. The master is only liable for the neglect, or omission, of some duty owing to the injured person. In other words, to render the master liable it must be shown that the injury complained of was the direct result of some fault of the master.

Another well-recognized duty of the master is not to assign a servant who, from youth or other cause, is deficient in experience, to the operation of a dangerous machine,

2. without giving him such warning and instruction in regard to avoiding injury as may, from the age or want of experience of the servant, bring the danger and means of its avoidance within his comprehension. When, however, in operating a machine, the danger and means of escape are open and visible to the operator and within his knowledge and appreciation when exercising his faculties with care and caution, the master is not required to give either warning or instruction. *Atlas Engine Works* v. *Ran-*

*dall* (1885), 100 Ind. 293, 296, 50 Am. Rep. 798; *Republic Iron and Steel Co.* v. *Ohler* (1903), 161 Ind. 393; 26 Cyc., 1171, and many cases collated in note.

The law does not require the master to give warning and instruction to one who is already fully informed. The servant must keep his eyes open and look out for himself. If he becomes injured from want of proper care and attention to obvious and known dangers, he cannot find a right of recovery against the master, under the cloak that he was not warned and instructed.

The vital question, therefore, is, Was the danger to which the plaintiff was exposed, as shown by his complaint, of such a character as was not open and apparent to the observation and apprehension of appellee, upon the proper exercise of his faculties, assuming that he was giving due care and attention to the work in which he was engaged?

The contrary not being averred, it will be presumed that the plaintiff was endowed with all the natural faculties, and that his judgment and powers of reason were developed to the extent usual to one of his age. It is alleged that he was sixteen years of age when hurt, and was at the time engaged in the work he was employed to perform; that he had operated the machine, at intervals, daily since his employment. It is not averred how long he had been so employed and had operated the machine, and in the absence of such averment we may presume that his use of the machine had covered a period of time which, if alleged, would at least not have aided his cause of action, under the firmly established rule that a party's pleading is presumed to be as strongly in his favor as the facts will warrant. *Wabash R. Co.* v. *Engleman* (1903), 160 Ind. 329; *Wabash R. Co.* v. *Beedle* (1910), *ante*, 437.

It is not averred that the machine, or any of its parts, was out of repair, or was defective. Neither is it averred that the defendant knew, or had opportunity and should have known, that the impact of the

chisels upon the cut ever had caused, or was liable to cause, a cut that was being operated upon to swerve and be cast off in the manner described in the complaint as having caused the injury to plaintiff. An averment that the plaintiff "was inexperienced in the use of machinery" is not equivalent to an averment that he was inexperienced in the use of the particular machine that hurt him, and one that he had used, at intervals, daily during his employment. It is shown that the full scope of the danger in operating the machine was directly in front of the operator, about two feet away, waist high, of simple nature, and fully open and visible to one who was duly careful and attentive to the work he was doing.

Before a cause of action can be said to be stated, it must appear affirmatively that the plaintiff's injury was the direct result of some fault or negligence of the defendant in respect to the particular cause of the injury. Wherein can it be said from the averments of the first paragraph of the complaint that it was the defendant's negligence that caused the plaintiff to be hurt?

The master is not required to caution or instruct against unexpected, improbable and unusual occurrences. *Atlas Engine Works* v. *Randall, supra;* 4 Thompson, Negligence (2d ed.), §4099, and illustrative cases collated in note. He is only required to instruct and caution against the usual and probable consequences that may flow from the exercise of proper care and attention while performing the duties of the employment.

Without some fact or averment showing that the cause that produced the injury had previously presented itself, either frequently or occasionally, or that the character of the machine, or work it was designed to perform when properly handled, was calculated to produce the injuring cause, it cannot be said that such occurrence should be regarded as usual or probable, or reasonably to

be anticipated. And in such case it is clear that the law will not impute to the master knowledge of the extraordinary and unexpected danger, and hold him liable for a failure to warn the servant against it. If appellant had no actual knowledge of the injuring danger, and there was nothing in the history, construction, or in the proper and attentive operation of the machine from which the law would impute knowledge, it is not perceived how it could be counted at fault, or guilty of negligence, in failure to give warning of that of which it itself was ignorant and unsuspecting.

For want of an averment of knowledge of the master, that the mortiser contained the danger complained of, we think the first paragraph of the complaint fails to 9. state a cause of action. *Evansville, etc., R. Co.* v. *Duel* (1893), 134 Ind. 156; *Chicago, etc., R. Co.* v. *Fry* (1892), 131 Ind. 319; *Malott* v. *Sample* (1905), 164 Ind. 645; *Creamery, etc., Mfg. Co.* v. *Hotsenpiller* (1900), 24 Ind. App. 122; *Standard Oil Co.* v. *Fordeck* (1904), 34 Ind. App. 181.

Furthermore, if the casting off of the block by the impact of the chisels, as alleged, had occurred frequently or occasionally to the plaintiff's knowledge, and he had con- 10. tinued in the employment without notice to the master and his promise to repair, the plaintiff should be held to have assumed the risk. *Hattaway* v. *Atlanta Steel, etc., Co.* (1900), 155 Ind. 507; *Wolf* v. *Big Creek Stone Co.* (1897), 148 Ind. 317; *Diamond Plate Glass Co.* v. *DeHority* (1896), 143 Ind. 381; 4 Thompson, Negligence (2d ed.), §4657. The paragraph is silent as to these matters. We think the demurrer should have been sustained to the first paragraph of the complaint.

No question is presented here as to the sufficiency of the second paragraph of the complaint.

It is not shown by the record that the judgment rests wholly upon the second paragraph. In fact, it appears from

interrogatories and answers that the plaintiff's age,
11. experience and unwarned condition were prominently
before the jury, and we can by no means say that
the judgment does not fully rest upon the first paragraph.
At most, it is not shown by the record that it rests exclu--
sively upon the second paragraph, and there should, there-
fore, be a retrial. *Cleveland, etc., R. Co.* v. *Perkins* (1908),
171 Ind. 307; *Baltimore, etc., R. Co.* v. *Jones* (1902), 158
Ind. 87; *Ervin* v. *State, ex rel.* (1898), 150 Ind. 332; *Norton-
Reed Stone Co.* v. *Steele* (1903), 32 Ind. App. 48.

There are other questions presented, relating to the inter-
rogatories, the evidence, and the instructions to the jury,
which are not likely to arise again, and we, therefore, pass
their consideration.

Judgment reversed and cause remanded, with instruction
to sustain the demurrer to the first paragraph of the com-
plaint, with leave to amend, if desired, and to grant appel-
lant a new trial.