ELLEN RYAN, Respondent, v. JOHN O'BRIEN BOILER WORKS, Appellant.

St. Louis Court of Appeals, December 15, 1896.

Negligence: LICENSEE WITH INTEREST: RESPONDEAT SUPERIOR. One who, in furtherance of his own interests, or those of his master, assists the servants of another, is not a fellow servant of such servants, nor a trespasser, nor a mere volunteer, but a licensee with an interest; and when a person so situated is injured through the negligence of servants whom he assists, the doctrine of *respondeat superior* applies, and the master of such servants is responsible for the injury. But held, that the evidence here did not uphold a recovery on this theory.

*Appeal from the St. Louis City Circuit Court.*—HON. JOHN M. WOOD, Judge.

AFFIRMED.

*John F. Shepley* for appellant.

When a person voluntarily performs some service for another, he assumes the same risks as the servants of such person while so engaged. *Potter v. Faulkner*, 1 Best. & S. 800; *Wischam v. Rickard*, 136 Pa. 109; *Osborn v. R. R.*, 68 Me. 28.

The negligence complained of by plaintiff was that of her husband's fellow servants, and not that of

their master, even upon the theory that the evidence tended to show the accident resulted from the use of a defective chain, and not from the unskillful or careless method of using it. *Moran v. Brown*, 27 Mo. App. 487; *Fitch v. Allen*, 98 Mass. 572.

*R. M. Nichols* for respondent.

A person is not a volunteer, and does not assume the risk of employment, where he assists for the purpose of aiding or advancing his own or his master's business. *O'Donnell, Adm'r, v. R. R.*, 86 Me. 552; *R. R. v. Bolton*, 43 Ohio St. 227; *Easton v. R'y*, 65 Tex. 577; *Johnson v. Ashland W. Co.*, 71 Wis. 50; *Wright v. London R. Co.*, 1 Q. B. Div. 252; Beach on Con. Neg. [2 Ed.] 439, secs. 120, 343; Thomp. on Neg., par. 1045; McKim on Fell. Ser. 48, sec. 19; 1 Sher. & Redf. on Neg. 311, sec. 183; Wood on Mas. &. Ser. [2 Ed.] 911, sec. 445.

### APPELLANT'S REPLY.

Gearin had neither actual nor implied authority to request assistance, or to represent his master in assenting to Ryan's act in rendering it. *R. R. v. Probst*, 85 Ala. 203; *Church v. R. R.*, 52 N. W. Rep. 647; *Degg v. R'y*, 1 Hurlst & N. 773.

ROMBAUER, P. J.—The plaintiff recovered a judgment against defendant for the killing of her husband by the alleged negligence of the defendant's servant, while such servant was in the pursuit of his master's business. The defendant appeals, and while no errors are formally assigned in this court, we conclude from a perusal of the brief filed by defendant's counsel the sole complaint to be that the uncontroverted facts as

shown by the evidence, did not warrant any judgment in favor of plaintiff.

The plaintiff's evidence tended to show that her husband was a laborer in the employ of the De La Vergne Company; that as such he was sent with some other employees of that company to a freight depot in the city of St. Louis to load a car with a lot of pipes and machine work belonging to the company; that when they arrived at the depot they found some of defendant's employees there who were unloading a tank; that this tank was to be loaded in the same car with the pipe and machine work, and was to be loaded first, being the heaviest piece of freight. The defendant's employees could not alone handle the tank, and had sent for some more men for their assistance to defendant's shop. All of this was known to plaintiff's husband. The plaintiff's husband and his coservants expressed a willingness to assist the defendant's servants in loading the tank, in order to be able to load the pipe and machine work in their charge without delay. The defendant's servants assented to this. In loading the tank by the joint efforts of the defendant's servants, and those of the De La Vergne Company, one of the defendant's servants used an insufficient chain. The hook of the chain broke, whereby the tank was precipitated against the body of plaintiff's husband, causing him injuries from which he died. There was substantial evidence in the case that the defendant's servant was negligent in using this chain, and that such negligence was the cause of the injury. There was no evidence either direct or inferential, that the defendant's servants were authorized to employ any one to aid them in loading this tank.

The question presented by this appeal is what was the relation which plaintiff's husband occupied toward the defendant at the time of the injury complained of?

NEGLIGENCE:
licensee with
interest: re-
spondeat supe-
rior.

If he was defendant's servant by virtue of the request of the defendant's servant for his aid, then plaintiff could not recover, because in that event the injury would have been caused by the negligence of a fellow servant. If on the other hand the plaintiff's husband was a bare licensee or mere volunteer in assisting in the work of loading, he could likewise not recover, because it is well settled that a mere volunteer in these cases acts at his peril. But it is settled that one who in further-ance of his own interest or those of his master, assists the servants of another in the performance of their work, is neither a fellow servant of such servants nor a mere volunteer, but occupies a third position, namely, that of a licensee with an interest. He is not a tres-passer, because he is lawfully in his place; he is not a fellow servant of the other servant, because he is not directly or indirectly retained or employed by the mas-ter of such servant; neither is he a bare volunteer, because he does the work to further his own interests or those of his master. When a person thus situated is injured through the negligence of the servant whom he assists, the doctrine of *respondeat superior* applies, and the master of the negligent servant is responsible for the injury. This proposition is now well settled both in England and the United States. *Wright v. R'y*, 1 Q. B. Div. Law Rep. 252 (1876); *Welch v. R. R.*, 86 Maine, 552; *Eason v. R. R.*, 65 Tex. 577; *Steeet R'y Co. v. Bolton*, 43 Ohio St. 224. "The hinge on which the cases turn," says WALTON, J., in *Welch v. R. R., supra*, "is the presence or absence of self-interest. In the one case the person injured is a mere intruder or officious intermeddler. In the other he is in the pursuit of his own business, and entitled to the same protection as any one whose business rela-

tions with the master expose him to injury from the carelessness of the master's servants."

It is true that this view leads to the necessary conclusion, that one whose assistance is requested by a servant authorized to employ him, is in a worse position than one who is thus retained by a servant having no such authority in the premises. In the case first put he would be a fellow servant, and could not recover against the master for the injuries caused to him by such servants negligence, while in the case next put he can. The master's liability therefore becomes greater when the authority of his servant is more limited. This, however, is the necessary result of the proposition, that as the person thus employed is neither a fellow servant, nor a volunteer or bare licensee, the law is bound to assign to him a third position, and his logical position is that of one who while in the lawful pursuit of his own business, is injured by the negligence of the servant of another, while such servant is engaged in the pursuit of his master's business.

As there was substantial evidence in this case on which a recovery on the theory above stated can be upheld, and as the only assignment of error is the absence of such evidence, we must affirm the judgment. All the judges concurring; the judgment is affirmed.