## PRINCETON COAL MINING COMPANY v. DOWNER.

[No. 7,023.  Filed February 13, 1911.  Rehearing denied May 9, 1911.   Transfer denied June 22, 1911.]

1. MASTER AND SERVANT.—*Relation of.*—*Mines.*—*Shot Firers.*—A shot firer in a coal mine is a servant of the operator of the mine whether employed directly by such operator, or indirectly, as an assistant to the miners. pp. 141, 143.

2. MASTER AND SERVANT.—*Relationship.*—*Burden of Proof.*—*Variance.*—In an action by a coal miner for injuries received, the burden is upon him to show that the relationship of master and servant exists between him and defendant; and he must recover, if at all, upon the cause of action alleged. p. 142.

3. MINES.—*Duties of Inspection.*—*Reliance upon Performance of.*— It is the common-law and the statutory duty of the operator of a coal mine to inspect the working places of miners and keep them in a reasonably safe condition for the use of servants; and an employe has the right to rely upon the operator's performance of such duty. p. 142.

4. MASTER AND SERVANT.—*Concurrent Negligence of Fellow Servant.*—*Effect.*—The concurrent negligence of a fellow servant with that of the master in producing an injury to a servant does not relieve the master from liability. p. 142.

5. MASTER AND SERVANT.—*Coal Mines.*—*Shot Firers.*—*Defective Partitions.*—A complaint by a shot firer in a coal mine, alleging that the plaintiff was employed by defendant as a servant in its coal mine, that neither the defendant nor its mine boss visited the rooms in the mine at any time, that the pillars between the rooms were negligently permitted to be made less than fifteen feet thick, that defendant knew thereof and plaintiff did not, that a fellow servant, ignorant of such condition of the partition, bored a hole therein, placed and fired a shot therein, to the injury of plaintiff, who was in an adjoining room, and that the defendant employed more than 100 men in such mine, states a cause of action; and another paragraph alleging the same facts except that the plaintiff was elected and employed by the miners with the consent of defendant, and that defendant paid to such

miners certain sums of money with which to pay the wages of the plaintiff, also states a cause of action.  p. 142.

6. TRIAL.—*Peremptory Instructions.*—Where there is some evidence tending to sustain the material allegations of plaintiff's complaint, a peremptory instruction for defendant should be refused. p. 143.

7. MASTER AND SERVANT.—*Coal Mines.—Shot Firers.—Instructions.* —In an action for damages by a shot firer in a coal mine, an instruction that if the miners elected to have plaintiff employed as a shot firer, and contributed to the payment of his wages, such payment being made through appellant, plaintiff was neither a trespasser, nor a mere licensee, in such mine, and that defendant would owe him the duty, while so engaged, to furnish him a reasonably safe place in which to work, is correct.  p. 144.

8. MASTER AND SERVANT.—*Coal Mines.—Rooms.—Mining Boss.— —Instructions.*—In an action for damages by a shot firer in a coal mine, an instruction that if the jury should find that it was the duty of the mine boss to direct and govern the form and location of the rooms and that it was his duty to make the partition walls fifteen feet thick and he negligently failed to do so, that at the place the shot was fired such wall was only five to seven feet thick, that this was the proximate cause of the injury, that the plaintiff was not guilty of contributory negligence and that the risk was not assumed, the verdict should be for the plaintiff, is a correct statement of the law.  p. 144.

9. MASTER AND SERVANT.—*Coal Mines.—Damages.—Issues.—Instructions Concerning.*—In an action by a coal miner for damages for personal injuries, an instruction that the preponderance of the evidence must establish the injury substantially as alleged, and that the injury was caused by the negligence of defendant, but that if the plaintiff was an experienced miner and knew as well as defendant of the danger, he cannot recover, furnishes to defendant no cause for complaint.  p. 145.

10. MASTER AND SERVANT.—*Coal Mines.—Shot Firers.—Contributory Negligence.—Assumption of Risk.—Instructions.*—In an action by a shot firer in a coal mine for damages caused by the alleged negligence of the operator of such mine in making the partition walls of the rooms too thin, thereby causing a shot to break through the wall to plaintiff's injury, the elements of contributory negligence and assumption of risk enter, and an instruction thereon is proper.  p. 145.

11. MASTER AND SERVANT.—*Coal Mines.—Duties of Boss.—Evidence.*—In an action for damages by a shot firer in a coal mine, evidence is competent showing why pillars of coal were left standing between the rooms therein, what were the duties of the mine boss in respect to such pillars and as to the giving of notice to shot firers of a shot placed for the making of a "break-

through," and the proper location of the "break-throughs;" and such shot firer, as well as other miners, was a competent witness as to such facts.  p. 145.

12. MASTER AND SERVANT.—*Coal Mines.—Blasting.—Evidence.—Jury.*—Evidence that a shot firer was hired by the miners in a coal mine with the operator's knowledge and consent, that while in a room a shot was fired by a miner in an adjoining room, injuring plaintiff because the partition wall was too thin, that it was not the duty of the shot firer to ascertain the thickness of the wall and that he could not have known such thickness except by an examination, and that the miner who fired the shot did not know the thickness thereof, requires a submission to the jury of the questions of defendant's negligence and plaintiff's contributory negligence.  p. 146.

From Gibson Circuit Court; *O. M. Welborn,* Judge.

Action by Wallace D. Downer against the Princeton Coal Mining Company. From a judgment for plaintiff for $1,725, defendant appeals. *Affirmed.*

*Lucius C. Embree* and *Morton C. Embree,* for appellant.
*Marsh T. Lewis* and *John W. Brady,* for appellee.

IBACH, J.—Appellee brought this action against appellant to recover for personal injuries received by him while in the employ of appellant, as a shot firer in its coal mine, through the alleged negligence of appellant in failing to provide a safe place in which to work, and through its failure to perform the duties imposed upon it by statute.

The complaint, as originally filed, consisted of three paragraphs, the first of which was dismissed at the trial. The second, omitting the formal parts, as to the nature and organization of the appellant, and the description of appellant's mine, substantially alleges that on October 1, 1907, and prior thereto, appellee was employed by appellant and the miners at work in appellant's said mine, as a shot firer, having been duly elected to said position by the miners of said mine, and prior to and at the time of said election he was employed by appellant as a miner in said mine; that at the time of the injury appellee was firing the shots in a room running in a westerly direction off the second south

cross-entry; that on said date appellee was in the tenth room from the face of said entry; that the safety of the men required that the rooms or excavations running from the entries, and running in the same direction, should run parallel with one another, and that there should be a partition of coal, not less than fifteen feet in thickness, left standing between the rooms, in order to prevent the mine from caving in, and to prevent explosions from shots of powder used in mining coal from injuring employes in the mine; that it was the duty of appellant and its mining boss to plan and lay out the rooms in the mine so that the partitions or pillars of coal between the rooms in the mine should be and remain the thickness aforesaid; that appellant at the time, and for many weeks prior thereto, had in its employ more than one hundred men, and also a mining boss, but that said mining boss did not visit the room in question each alternate day, or any day, nor did he see that safety was assured in said tenth room where appellee was, nor did he prevent appellee from going into the room where he was injured, nor did he or appellant see that the partition between said rooms was of the requisite thickness, but appellant and the mining boss carelessly and negligently refused and omitted to perform any of their said duties; that appellant knew at the time that said partition was dangerously weak and thin, or might have known by the exercise of reasonable care, but with this knowledge assigned one Grubbs to work in the eighth room; that said Grubbs was ignorant of the unsafe and thin condition of said partition of coal, and without experience necessary to ascertain its condition; that while working in said room, in the discharge of his duties, he drilled a hole in said partition at the point where it was so unsafe and of insufficient thickness, and placed powder therein for the purpose of shooting down coal in the usual course of mining it; that by reason of the unsafe condition and thinness of said partition, the explosion of powder broke through said partition

into said tenth room, and threw coal, slate and debris against appellee, inflicting the injuries for which he sues.

It is further averred that appellee, at the time he sustained said injuries, was in the exercise of due care, and had no knowledge whatever of the dangerous condition of the partition of coal between said rooms; that he received said injuries without any fault or negligence on his part, and that said injuries were caused solely by the aforesaid negligence of the appellant.

The third paragraph of complaint is the same as the second, except that in respect to the employing of appellee as a shot firer it alleges that appellee was employed by the miners working in the mine, with the knowledge and consent of appellant, and that appellant paid the miners one-quarter of a cent a ton for each ton of coal mined by them, to be applied by the miners on appellee's wages as a shot firer.

A demurrer for want of facts was overruled to each of said paragraphs, and issues were formed by answer in general denial. A trial was had by jury, resulting in a verdict in favor of appellee for $1,725. Over appellant's motion for a new trial, judgment was rendered thereon.

The errors assigned and relied on for reversal in this court are (1) the complaint does not state facts sufficient to constitute a cause of action; (2) the court erred in overruling appellant's demurrer to the second paragraph of complaint; (3) the court erred in overruling appellant's demurrer to the third paragraph of complaint; (4) the court erred in overruling appellant's motion for a new trial.

The objections to the second paragraph of complaint are (1) that it does not contain the averment of facts upon which there arises any duty on the part of the master to do the things alleged to have been omitted; (2) it sets forth facts upon which it appears that appellee was not a servant of appellant; (3) that appellee is not shown to have had any right to enter the mine, and to act therein as shot firer;

(4) assuming that appellee was a servant of appellant, and engaged in its service at the time of the injury, still the negligence that caused the injury was that of a fellow servant, whose negligent act which resulted in the injury was open and obvious, and known to appellee before he ignited the shot.

The negligence alleged in each paragraph is twofold: (1) In failing to discharge a common-law duty, and (2) the violation of a mandatory provision of section twelve of the act of April 15, 1905 (Acts 1905 p. 65, §8580 Burns 1908). *Hymera Coal Mining Co.* v. *Mahan* (1909), 44 Ind. App. 583.

Said second paragraph alleges that appellee was an employe of appellant in its mine, but whether appellee was under the direct employment of appellant, or indirectly as assistant to the miners, can have no bearing on the question, because, in either event, the relation of master and servant existed between appellee and appellant, within the meaning of the rule requiring a master to exercise ordinary care to prevent injury to his employes. *Indiana Iron Co.* v. *Cray* (1898), 19 Ind. App. 565; *Pugmire* v. *Oregon, etc., R. Co.* (1907), 33 Utah 27, 92 Pac. 762, 13 L. R. A. (N. S.) 565; *Rummell* v. *Dilworth, Porter & Co.* (1885), 111 Pa. St. 343, 2 Atl. 355; *Ringue* v. *Oregon Coal Co.* (1904), 44 Or. 407, 75 Pac. 703; *Ryan* v. *John O'Brien Boiler Works* (1896), 68 Mo. App. 148.

In the well-considered case of *Ringue* v. *Oregon Coal Co., supra,* after a review of the authorities, the court said: "Under the law, therefore, even though there was no direct contract of employment, the plaintiff was entitled to the protection of a servant, if, with the knowledge and consent of the defendant, he was in the mine for the purpose of rendering services for its benefit, and the case should have been submitted to the jury upon that theory." In that case the complaint proceeded on the theory that at the time of the accident the relation of master and servant existed be-

tween plaintiff and defendant. This was denied, and was, therefore, a material issue in the case. Any plaintiff must recover, if at all, upon the cause of action as alleged; and the burden was upon appellee to show such a state of facts as, under the law of negligence, would constitute the relation of master and servant. The court further said: "We do not understand, however, that it was necessary for him to prove a direct contract by some authorized agent of the defendant employing him, or that his right to work was included in the terms of the contract with his father. If, as the evidence tended to show, he was going into the mine at the time of the accident by the request of his father, with the permission or consent of the defendant, express or implied, for the purpose of performing work or labor for it, he was not a trespasser or a licensee, but was rightfully in the mine, and the relation of master and servant existed between him and the defendant, within the meaning of the rule requiring a master to exercise reasonable care to prevent injury to his employes."

It was the duty of the mine owner or operator, under both the common and the statutory law, to inspect such working place, and keep it reasonably safe for employes who were required to work therein. And an employe may rely on the presumption that his master has not been negligent in this regard, and that he has performed the duties imposed upon him by his relationship. Where a master is guilty of negligence, it is no excuse that a fellow-servant was also negligent. We are not unmindful of the fact that the bare allegation of a duty, unsupported by facts showing such duty, is a nullity; but we think said second paragraph, when read as a whole, was sufficient to withstand the demurrer.

The same reasons are urged against the third paragraph of complaint. What has been said concerning the sufficiency of the second paragraph applies with equal force to the

third paragraph, and the same authorities there cited will be applicable here.

In addition, it is insisted that said third paragraph alleges that appellee was employed by the miners, and entered the mine as their servant, with the knowledge and consent of appellant, and that appellee was a mere licensee. It is provided by §8610 Burns 1908, Acts 1907 p. 347, §9, "that at any coal mine in the State where the miners working therein so elect, persons may be employed to act as shot firers, and their wages shall be paid by the miners working therein."

It appears from the allegations in this paragraph of complaint that the miners working in the mine of appellant attempted to take advantage of this provision of the law, and elected appellee to such position. The allegations show also that appellant paid certain sums of money to the miners to pay to the person holding the position of shot firer in its mine. Appellee was engaged in performing an indispensable part of the mining operations being carried on in appellant's mine, a part of the business of mining for which the miners were directly employed by appellant. Appellant, with full knowledge of appellee's presence in the mine as shot firer, owed him the same duty it owed to the miners. See authorities heretofore cited. The demurrer was properly overruled.

It is also claimed that the court erred in refusing to give certain instructions requested by appellant. The first instruction was peremptory. The evidence was sufficient to require the cause to be submitted to the jury, and it was properly refused.

The remaining instructions, tendered and refused, are based upon the claim of appellant that appellee was not a servant of appellant, but a mere licensee. Under the authorities, they were properly refused.

Complaint is made of the following instruction given by the court at the request of appellee: "I instruct you, there-

fore, that if you find from the evidence that the
7. miners working in defendant company's mine had
elected to have the plaintiff employed as a shot firer
in said mine, and were contributing of their wages, earned
by mining coal in said mine, to the payment of the wages
of said appellee, as such shot firer, and that defendant com-
pany was holding back portions of the miners' wages, so
contributed to pay the plaintiff as such shot firer, and pay-
ing them over to the treasurer of the miners' local union,
to be paid by such treasurer to plaintiff, then, in that view
of the case, plaintiff was neither a trespasser nor a mere
licensee in defendant's mine, but his employment there was
contemplated and provided for by the law of the State, and
while engaged in the performance of his duties under and
pursuant to such employment, if you find from the evidence
he was so engaged, defendant would owe him the duty to
furnish him a reasonably safe place to perform his duties
as such shot firer in defendant's mine.'' In view of the
authorities cited, the court did not err. in giving this in-
struction.

By instruction two, given at the request of appellee, the
jury was told that if it found from the evidence that it was
the duty of the mine boss to direct and govern the
8. form and location of the rooms made in the mine,
and to see that partitions of coal from twelve to fif-
teen feet thick, were left between such rooms, and the mine
boss negligently failed so to direct and govern the form
and location of the rooms referred to in the evidence, but
permitted them to be so driven into the coal, that at the
place where the shot was fired said rooms were separated
by a partition only five to seven feet thick, that this was
the proximate cause of the injury, that plaintiff was not
guilty of negligence proximately contributing to his own
injury, and that the risk was not one of the risks assumed
by appellee, as explained in those instructions, then the
verdict should be for plaintiff. This instruction is a correct

statement of the law, and it was competent to instruct the jury upon this branch of the case.

Instruction four, given at the request of appellee, relates to the duty owing to appellee as shot firer in appellant's mine, and was a correct statement of the law.

Appellant also contends that the court erred in giving, on its own motion, instruction one. Said instruction does not attempt to set out the substance of either paragraph, but only a ground of negligence. The jury was told by said instruction that defendant filed a general denial to the complaint; that under the issues thus formed, in order to entitle the plaintiff to a verdict, the evidence should preponderate in his favor, and should establish the injury, substantially as charged in the complaint, and that the injury was caused by the negligence of appellant; but if the proof fairly shows that plaintiff was an experienced miner, and was well acquainted with defendant's mine at the place where he received his injury, and that he knew of the dangerous condition of the wall in controversy, as well as defendant or its mine boss or any of the employes, in that event he is not entitled to recover. This instruction was as favorable to appellant as could have been asked, and while it was crude in form, the court did not err in giving it.

Instructions two and three, given by the court of its own motion, over the objections of appellant, relate to the questions of contributory negligence and the assumption of risk. They were applicable to the evidence in this case, and the court rightfully instructed the jury upon these two branches.

Appellant also contends that the court erred in permitting appellee, as a witness in his own behalf, to testify in respect to the reasons why pillars of coal were left standing between the rooms in a coal mine, and in permitting him to testify as to what were the duties

of a mine boss in respect to these pillars and the thickness thereof, and that it was the duty of the mine boss to give shot firers notice when a shot was being placed for the purpose of making a "break-through" between two rooms in the mine, and also that the court erred in permitting witness Cross to testify that it was the duty of the mine boss to see that the pillars were of a certain thickness at certain places, and to tell where to drive the "break-throughs." These questions were all pertinent to the issues in this case. The witnesses were competent to testify, and the questions related to matters that were material. It was therefore proper to allow the jury to be informed upon matters presented by the questions, to assist it in arriving at a true verdict.

It is insisted by appellant that the verdict is not sustained by sufficient evidence and is contrary to law. It is shown by the evidence that appellee was hired by the miners 12. in appellant's mine, with the knowledge and consent of appellant; that appellee, on the day of his injury, was engaged in the discharge of his duties as shot firer in appellant's mine; that it was not the duty of the shot firer to investigate the thickness of the pillars; that there was nothing to indicate that this was a "break-through" shot; that it looked like it was to square up the room, and make it a little wider; that if the pillar in question had been fifteen feet thick it would have been perfectly safe; that by the arrangement of the rooms the pillars became thinner as the entries were sunk into the face of the coal; that an experienced man going into these rooms would know that the pillars were getting thinner, but he could not tell whether they were fifteen feet or five feet thick, unless he took the precaution to sound them; that the miner Grubbs, who placed the shot, had no means of determining the thickness of said pillar, and that the shot was a small one.

The question as to the negligence of appellant and the contributory negligence of appellee was properly submitted

to the jury. There is evidence fairly tending to support the verdict, and appellant's motion for a new trial was properly overruled.

Judgment affirmed.