Robertson v. The Chicago & Erie Railroad Company.

ROBERTSON v. THE CHICAGO & ERIE RAILROAD CO.

[No. 17,869. Filed December 24, 1896.]

MASTER AND SERVANT.—*Vice Principal and Fellow Servant.—How Distinguished.*—The controlling inquiry as to whether one is a fellow servant or vice principal, must be as to whether the act or omission resulting in injury involved a duty owing by the master to the injured servant.

SAME—*Negligence.—Fellow Servant.—Complaint.*—In an action for personal injuries, plaintiff alleged that he was a helper in defendant's shops; that G., a machinist, under whose direction he was working, and who had power to discharge those working under him, directed plaintiff in a violent manner and with profane language to lift one end of a certain steam chest cover, said machinist and foreman promising to aid plaintiff; plaintiff being excited and fearing that he would lose his employment, and in reliance upon the promised assistance of said foreman, did lift said chest cover; that said foreman did not lend him any aid, and as a result of said lifting he was severely strained and suffered a rupture; that appellant well knew that the lifting was dangerous, which fact was not known to plaintiff; and defendant knew when it employed said foreman that he was quick tempered and passionate. *Held,* that complaint showed that the negligence, if any, was that of a fellow servant, and was not sufficient to withstand a demurrer.

From the Huntington Circuit Court. *Affirmed.*

*H. B. Sayler, S. M. Sayler* and *J. M. Sayler,* for appellant.

*W. O. Johnson, J. B. Kenner* and *U. S. Lesh,* for appellee.

HACKNEY, J.—The sufficiency of the appellant's amended complaint is the only question presented by the record. It alleged that he was an employe of the appellee in its machine repair shops, in the city of Huntington, working as a machinist's helper under one Grover, a machinist in appellee's employ; that he was subject to the directions of Grover and was liable

to dismissal from the service if not obedient to him; that Grover "was a very quick tempered and passionate man, which the defendant at the time it employed him in authority over the plaintiff could have known and did know, but, notwithstanding such knowledge and disregarding the health and safety of its employes, and particularly this plaintiff," employed Grover and put him in authority over the appellee; that it became necessary to place the heavy cover of a steam chest in position upon a locomotive, and for that purpose appellant was directed to lift one end while two others should lift the other end, and while said Grover would stand upon the guards of the locomotive to receive the cover when lifted up to him. The appellant objected to the lifting against two men, when Grover said that he would stoop down and aid in the lifting, "and with violent and profane language and with violent manner ordered the plaintiff to lift said steam chest cover; said violent manner and said violent and profane language of the said Grover produced in the mind of the plaintiff great excitement and concern that he was in danger of losing his said employment," and, by reason thereof and in reliance upon the promised assistance from Grover, he did lift said cover and said Grover did not lend him any assistance; that as the result of said lifting he was severely strained and suffered a rupture. It is alleged also that Grover knew that such lifting was dangerous and that the appellant did not know that it would injure him, and, the pleading concludes, after an allegation, that the appellee, with knowledge of appellant's injury, discharged him and refused to give him employment; that the occurrence was without appellant's fault or negligence, and "was caused by the negligence and fault of the defendant, as herein set out."

Robertson v. The Chicago & Erie Railroad Company.

The two inquiries which must control the question presented by the complaint in review are these: Was Grover a vice principal, or, if not, was the appellee negligent in employing or retaining him in its service?

The learned counsel for the appellant stoutly maintain that Grover was a vice principal. The rule in this State, now firmly settled, is that a difference in rank or the power to control and direct or to discharge from service is not the test as to whether one is a fellow servant or a vice principal. The controlling inquiry must be as to whether the act or omission resulting in injury involved a duty owing by the master to the injured servant. *New Pittsburgh, etc., Co.* v. *Peterson*, 136 Ind. 398; *Spencer* v. *Ohio, etc., R. W. Co.*, 130 Ind. 181; *Justice* v. *Pennsylvania Co.*, 130 Ind. 321; *Cincinnati, etc., R. R. Co.* v. *McMullen*, 117 Ind. 439; *Indiana, etc., R. R. Co.* v. *Dailey*, 110 Ind. 75; *Lake Shore, etc., R. W. Co.* v. *Stupak*, 108 Ind. 1; *Pittsburgh, etc., R. W. Co.* v. *Adams*, 105 Ind 151; *Indiana Car Co.* v. *Parker*, 100 Ind. 181; *Brazil, etc., Co.* v. *Cain*, 98 Ind. 282.

What duty of the master is shown by this complaint to have been neglected? One argument of counsel is that the appellee was obliged to supply a safe working place and safe machinery and appliances. True, but that duty was not alleged to have been omitted. "Safe working place and safe machinery and appliances" do not mean that heavy steam chest covers may not be put in place because the doing of it involves hazard from the mere weight required to be lifted. The act alleged to have directly resulted in injury was that of requiring the appellant to lift beyond his strength, and that act is alleged to have been one of the servant Grover. The act did not involve the supplying of a place to work or the instrumentalities of the service, but consisted in the manner in which

several servants employed a proper instrument of the service. Unmistakably the appellant and Grover were fellow servants, and there was no liability of the appellee without some negligence on its part, not consisting alone in the act of Grover.

It is more than doubtful if any negligence is attempted to be alleged against the appellee, since the only charge of negligence is that with which the complaint concludes. If, however, that should be held to characterize as negligent every connection of the appellee with the occurrence as alleged, we should have the single inquiry as to whether a master employing a servant who is a "quick tempered and passionate man," is liable in damages for the remote consequences of that servant's evil use of his tongue. Counsel for appellant do not seek to affirm any such liability, and such is not the theory of the pleading. Nor do the allegations suggest that Grover was an unskilled or habitually negligent servant, nor that the company had any reason to believe that he was not fully acquainted with and competent to perform all of the duties of his employment. The failure of Grover to lend a helping hand as he had promised was not chargeable as negligence against the appellee, but was an omission by a fellow servant of the appellant. The allegations as to the fear in which Grover placed the appellant, by his angry and profane language, even if that condition of mind excused the appellant from doing that which he knew to be dangerous and that which he had refused to do because of his own judgment that his strength was not equal to it, are a doubtful answer to the requirement of non-contributory negligence on his part. But if they were a complete answer, the fact would yet remain that the whole occurrence was due to the negligence of a fellow servant in overestimating the physical strength of the

appellant or in failing to assist him in bearing a burden. The fellow servant rule must be held to de- feat the appellant's cause of action.

The judgment of the circuit court is affirmed.