## FORT WAYNE IRON AND STEEL COMPANY v. PARSELL.

[No. 6,899. Filed April 5, 1911. Rehearing denied June 30, 1911. Transfer denied March 6, 1912.]

1. MASTER AND SERVANT.—*Vice-Principal.—Complaint.—Motion to make more Specific.—Facts within Knowledge of Defendant.*— Where a complaint alleged that a certain person was defendant company's master mechanic and vice-principal, that he had power to employ servants, that he set the plaintiff to work in a dangerous place, without warning to plaintiff thereof, and that the plaintiff was injured thereby, overruling a motion to make such complaint more specific by setting out more fully the facts relating to the authority, duty and conduct of such alleged vice-principal, is not erroneous, such facts being peculiarly within the knowledge of defendant. p. 574.

2. MASTER AND SERVANT.—*Safe Place.—Fellow Servants.—Complaint.*—A complaint alleging that, without warning plaintiff of any danger, defendant's master mechanic and vice-principal ordered plaintiff to leave his regular work and to clean out a certain boiler, that other boilers were connected therewith by a pipe, that such pipe contained a valve by which to prevent the steam from entering from the other boilers into plaintiff's boiler, that plaintiff was ignorant of such valve, and if he had seen it, would not have known that it was open, that defendant knew such valve was open and that it was dangerous, that' while plaintiff was working in such boiler defendant negligently turned on the steam into the other boilers, that such steam escaped through such pipe into plaintiff's boiler, severely injuring him, shows that defendant's negligence was the proximate cause of the injury, that plaintiff was ignorant of the dangers, that no warning was given, and that he was not injured by a fellow servant. p. 575.

3. MASTER AND SERVANT.—*Negligence.—Complaint.—Amendments. —New Cause of Action.—Limitation of Actions.*—Where an amended complaint in an action by a servant against his master for negligence, filed after the expiration of two years from the time the cause of action accrued, declares upon a different cause of action than the one stated in the original complaint, an answer that such cause is barred by the statute of limitations is good. p. 576.

4. APPEAL.—*Law of the Case.*—The decision, on appeal, constitutes the law of the case as to the points decided, but not as to new points arising at a subsequent trial. p. 576.

5. MASTER AND SERVANT.—*Complaint.—Amendments.—New Cause of Action.*—Where the original complaint, in an action by a ser-

vant against his master, purported to state a cause of action for a violation of the employers' liability act, for negligence in maintaining an unsafe place, for failing to warn of danger, and for defective ways and works, an amended complaint alleging that defendant ordered the plaintiff to cease his regular work and to clean out a boiler, that a pipe connected such boiler with other boilers, that a valve was used to prevent the steam from escaping from other boilers into such boiler, that plaintiff was ignorant of such valve and defendant knew thereof, that defendant failed to warn plaintiff of the dangers of his situation, that defendant turned on the steam into the other boilers and it escaped into the boiler, thereby injuring him, does not state a new cause of action. pp. 576, 578, 581, 583.

6. NEGLIGENCE.—*Complaint.*—*New Cause of Action.*—*Additional Facts.*—The averment in an amended complaint, of additional facts relating to the same occurrence as set out in an original complaint, does not necessarily signify that a new cause of action is stated. p. 578.

7. LIMITATION OF ACTIONS. — *Amended Complaint.* — *Appeal.* — Where a complaint is held insufficient on appeal, the cause of action set out in the amended complaint relates back to the filing of the original complaint, unless a new cause of action is pleaded. p. 580.

8. JUDGMENT.—*Res Judicata.*—*Master and Servant.*—*Complaint.*—*Paragraphs.*—A judgment on a complaint alleging that the defendant negligently caused injuries to its servant by its violation of the employers' liability act, by negligence in maintaining an unsafe place, by failing to warn him of dangers, and for defective ways and works, constitutes a bar to another action for the same injury, where the complaint alleges that the injury was caused by transferring the plaintiff from his regular work and causing him to work inside a boiler where he was injured by the turning on of the steam into another boiler and the escape of such steam therefrom through a connecting pipe and an open valve into plaintiff's boiler, a change in theory, or a change in paragraphs making no difference. p. 582.

9. TRIAL.—*Verdict.*—*Interrogatories.*—The general verdict constitutes a finding in favor of the successful party on all the issues; and such verdict can be overthrown by the answers to interrogatories only when they are in irreconcilable conflict therewith. p. 583.

10. MASTER AND SERVANT.—*Fellow Servants.*—*Interrogatories.*—In an action by a servant against his master, answers to interrogatories to the jury that G. was defendant's master mechanic and had supervision of the work which he ordered plaintiff to do, that it was G's duty to see that plaintiff's working place was kept

safe, that plaintiff was taken from his regular, less-hazardous employment and ordered to do the work in question, that he did not know of the defects in the works and ways and that G. did, that G. failed to notify him of such defects, or warn him of the dangers, that defendant did not use ordinary care to protect him and could by the use of ordinary care have prevented his injury, nullify any answers tending to show that his injury was caused by the act of a fellow servant, thus leaving in force the general verdict. pp. 584, 587.

11. TRIAL.—*Reception of Evidence.—Discretion.—Appeal.*—Rulings of the trial court in admitting evidence will not be held erroneous, where the admission thereof was discretionary and there was no abuse of such discretion and no harm done to appellant. p. 585.

12. NEW TRIAL.—*Misconduct of Jury.—Conflicting Evidence.—Appeal.*—Alleged misconduct of the jury in reading a newspaper account of a former trial of the pending case is not a sufficient ground for a new trial, where defendant showed no diligence in ascertaining the nature of the article before the return of the verdict; and where the trial court upon conflicting evidence on such motion decided against appellant, such decision will not be disturbed on appeal. p. 585.

13. MASTER AND SERVANT.—*Vice-Principals.—Fellow Servants.*—Whether a servant occupied a position of vice-principal in relation to an injured servant is determined by ascertaining whether the act, or omission, producing the injury involved a duty owing by the master to the injured servant, and not by difference in rank, or by his power to hire or discharge servants. p. 586.

14. MASTER AND SERVANT.—*Vice-Principals.—Fellow Servants.*—Where a servant in discharging a masterial duty injures another servant, the master is liable, since such a duty cannot be delegated so as to absolve the master from liability. p. 586.

15. MASTER AND SERVANT.—*Safe Place.—Defects.—Warning.*—It is the master's duty to provide a safe working place for his employes, and to warn them of latent defects, or hidden dangers. p. 586.

16. MASTER AND SERVANT.—*Vice-Principals.—Evidence.*—Evidence that defendant failed to provide for plaintiff a safe working place, and to keep it safe while at work and in failing to warn him of latent defects and hidden dangers of the boilers and connecting pipes and valves causing plaintiff's injuries, shows a violation of a masterial duty. p. 587.

17. CORPORATIONS.—*Employes.—Assumption of Risk.*—Corporations act through agents and employes; and such employes assume the ordinary risks of the service, but not those of hidden dangers, or of latent defects. p. 587.

18. MASTER AND SERVANT.—*Latent Defects.*—Where a master is

chargeable with notice of latent defects, he is liable for injuries to servants caused thereby, unless he gives warning thereof. p. 587.

19. MASTER AND SERVANT.—*Change of Service.—Latent Dangers.— Concurrent Negligence of Fellow Servant.—Evidence.*—Evidence that defendant company's master mechanic ordered the plaintiff to cease his usual labor of unloading cars and to enter a boiler for the purpose of cleaning it, that while the plaintiff was in such boiler the steam was turned into another boiler connected by an underground pipe with the one in which plaintiff was working, that the stop-cock in such pipe was left open, that the plaintiff knew nothing thereof and the defendant failed to warn him of such dangers, that the steam escaped through such boiler into the one in which plaintiff was working, to his injury, supports a verdict for the plaintiff, even though the steam was turned on by a fellow servant, such act constituting defendant liable, at least, for concurrent negligence. p. 588.

20. TRIAL.—*Instructions.—How Considered.*—Where the instructions considered as a whole fully and fairly present the law of the case, the judgment will not be disturbed because of immaterial defects therein. p. 589.

From Dekalb Circuit Court; *Emmet A. Bratton,* Judge.

Action by James R. Parsell against the Fort Wayne Iron and Steel Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Elmer E. Stevenson* and *Zollars & Zollars,* for appellant.

*Thomas R. Marshall, D. M. Link* and *A. A. Chapin,* for appellee.

FELT, J.—Action by James R. Parsell against the Fort Wayne Iron and Steel Company, for damages for personal injuries. There was a trial by jury on an amended complaint in four paragraphs, and a judgment for appellee in the sum of $2,600, from which this appeal is taken.

Errors relied on question the action of the court in overruling appellant's motion to require appellee to make each paragraph of the amended complaint more specific, overruling the demurrer to each of said paragraphs, sustaining appellee's demurrer to the third and fifth paragraphs of appellant's answer, overruling appellant's motion for judg-

ment on the answers to the interrogatories and for a new trial.

The amended first paragraph of complaint alleges, in substance, that defendant is a corporation engaged in the manufacture of iron and steel in Allen county, Indiana; that as a part of its plant it maintained a battery of three upright steam-boilers, each twenty-five feet high and six feet in diameter, and located in a line, 'about twenty-five feet apart; that these boilers had an outer and inner concentric shell, the inner one being about three feet in diameter in which water was placed for the generation of steam, and heated by means of hot air conducted from furnaces into the space between the inner and outer shells aforesaid; that at the bottom of each boiler there was a manhole, provided with a removable lid, through which the inner boiler could be entered from a pit underneath; that near the bottom of the boiler was a blow-out pipe, which communicated with the inner shell and extended outwardly, horizontally to near the outer edge of the pit, where it was bent down and into the earth at the bottom of the pit, and there connected with a horizontal pipe, which was buried in the earth and connected said boilers; that said underground pipe connected with another horizontal discharge pipe, which extended eastwardly beneath the surface, a distance of 100 feet; that near the angle of the blow-out pipe, where it turned down into the pit, there was a rotating valve about two and one-half feet long, operated by a wrench, which valve when closed prevented the discharge of the contents of the boiler through said pipe into said under-ground pipes, but when open afforded a passage for water and steam from said boilers through said pipes into a ditch; that defendant was accustomed to clean out the boilers by opening the valve of the blow-out pipe of the boiler to be cleaned and by pressure of the escaping steam and hot water; that when this was done, if any other boiler was empty, and the valve to its

blow-out pipe open, the pressure of the steam in the boiler to be cleaned would force a part of the hot water and steam into said empty boiler, and make it unsafe and dangerous for a person to be therein; that on February 5, 1904, plaintiff was employed by defendant as a common laborer to perform such manual labor as he was ordered to do; that he was engaged in loading and unloading cars at appellant's plant until March 18, 1904, when he was ordered by Harry Green, who was, or had acted long enough for defendant to know that he claimed to be, a master mechanic and assistant superintendent, then in the service of defendant, to leave his work of loading cars and go down into the pit of one of said boilers, then empty, and enter through the manhole and clean out the sediment and scales in said boiler; that said Green had employed plaintiff to labor in said plant, and during all the time of plaintiff's employment by defendant had assumed, with defendant's knowledge, the authority of then and there acting in the place of defendant to direct and require plaintiff to obey his orders, and defendant had paid him for his services so rendered; that plaintiff conformed to said orders and entered said boiler to perform such service; that plaintiff had no knowledge of the manner in which said boilers were connected by the pipes, and did not know that when the water and steam were forced out of one of the boilers by such pressure that they would be forced into an empty boiler whose valve was not closed, and that for his protection and safety it was necessary that the valve of the boiler in which he was working should be closed and kept closed while he was therein, nor did he know whether it was closed when he entered the boiler, but defendant and said Green well knew such precaution was necessary, yet they wholly failed to notify plaintiff of any peril that might overtake him while therein; that while plaintiff was in said boiler, in conformity to the order of Green and before he entered therein, it was the duty of said Green and of de-

fendant to notify him of the danger that might arise by failure to close said valve thereof and keep it closed while he was in said boiler, but that defendant by its officers and employes, without said notice, ordered him into said boiler, and then proceeded in the manner aforesaid, to clean out one of the other boilers which contained steam and hot water, and the hot water and steam in said boiler were expelled with such force that part thereof entered the boiler where plaintiff was working, and severely and dangerously scalded and burned his limbs and body, by reason of which he was wounded, became sick and sore, and suffered and still suffers great pain therefrom, and was wholly disabled and confined to his bed for more than three months after he was injured; that plaintiff received his injury through the carelessness and negligence of defendant in failing to inform him of the necessity to close and keep closed said valve, and that the hot water and steam from one boiler could and would be forced into an empty boiler when its valve was open, as it was its duty to do; that defendant failed either to close or to keep closed said valve while plaintiff was in said boiler; that plaintiff had never been employed in such service, and was wholly ignorant of the construction of said plant and of the connections of said boilers, and was unaware of the danger or hazard of entering and working in said boiler, and relied on appellant to warn him of any hidden dangers.

The second paragraph of amended complaint contains the same general averments as the first, except the allegation that the construction of said boiler and pipes attached thereto was defective and unsafe in this: That the outer discharge pipe was too small to discharge the contents of the boiler so freely as to prevent a part from entering into the other empty boiler when the valves were not closed, and that each boiler should have had a separate discharge pipe without any connection with the pipes of the other boilers, thereby preventing any part from entering the other blow-

out pipes; that by reason of said construction it was danger-
ous and unsafe for a person to work in an empty boiler,
which was frequently necessary; that by carelessness, negli-
gence or accident the valve of the empty boiler might be
left open or would be opened, and that when another boiler
was discharged the person in the empty boiler would be in-
jured by the hot water and steam entering therein, which
defendant and Green well knew; that said Green was then
acting as vice-principal of the defendant, and had the au-
thority to order and direct plaintiff to perfrom such service,
and it was plaintiff's duty to obey and conform to such
order and direction, and that he did conform to and obey
said order; that plaintiff had no knowledge of the construc-
tion and connection of said underground pipes, which were
concealed from view, nor did he know that the construction
was defective, that the contents of one boiler could be forced
out of it into and through the blow-out pipe of the boiler
in which he was working, that there was any danger of its
being done, nor that it was necessary, in order to protect him
and keep the place safe wherein he was working, that the
valve of the blow-out pipe of the empty boiler should be
closed and kept closed while he was in said boiler, but that
Green and defendant did know of such defective and dan-
gerous construction and connection; that both defendant
and said Green negligently failed to inform plaintiff of said
construction and the danger to which he was subjected in
working in said boiler because the valve thereof was not kept
closed while he was engaged in said work; that while plain-
tiff was in the boiler, defendant by its officers and employes
proceeded to clean out one of the other boilers, and by
reason of the insufficiency of the size of the discharge pipe
the steam in the boiler that was being emptied was forced
up through the valve of the blow-out pipe into the boiler
where plaintiff was working, and scalded and burned his
limbs and body.

The third paragraph of amended complaint is the same as the first, except that it is therein averred that the valve before described was open to the plain view of all the agents, servants and employes of defendant company, as well as trespassers on the premises; that a wrench also lay in said pit, or adjacent thereto within easy reach of any one; that at the time plaintiff was injured the construction of said boilers and other appliances was defective, dangerous and unsafe in this, to wit: "That said valve was not only open, but was within reach of any one who might desire to meddle with it, and said wrench was present to enable any one to meddle with said valve who might desire to do so, when said valve should have been encased, so as to be protected from common interference; that at the time said injuries occurred said valve was open, and there was steam and hot water in the boilers; that it was well known to defendant and said Green that if the contents of another boiler was discharged, the person in the empty boiler would be injured by the entering therein of hot water and steam"; that said Green had the authority to order and direct plaintiff where he should work and at what he should work, and to require him to perform such service for defendant as he might designate, and it was plaintiff's duty to obey, and he did obey such orders; that if said valve had been closed, or had had any covering over it so that it could not be interfered with while plaintiff was in said boiler, it would have been a safe place in which to work, but in the condition and under the surroundings shown such place was unsafe and dangerous; that it was the duty of defendant to see that said valve was closed, and that some means were provided whereby it could not be interfered with nor opened while plaintiff was in said boiler, which precaution defendant negligently failed to take; that plaintiff relied on defendant to provide for him a safe place in which to work, and keep it safe while he was at work, and he received his injuries on account of the

negligence of defendant in failing to close said valve, and to have some appliance whereby it could be protected and not opened while he was in said boiler.

The fourth paragraph of amended complaint is substantially the same as the first, except that it is therein alleged that at the time plaintiff was injured the construction of the boilers and their appliances made it dangerous and unsafe for any one to enter an empty boiler for the purpose of cleaning it, unless such person was thoroughly familiar with the construction of said boiler and its appliances, or unless such person had been duly notified of the manner of the construction of the boiler and appliances, and of the fact that said valve should be kept closed while such person was in the boiler, and having been so informed assumed the risk of closing and keeping closed said valve while within such empty boiler; that plaintiff could not have ascertained the facts necessary to his protection by examining said appliances which were open to his view; that defendant failed to notify plaintiff of the dangers incident to his new service in cleaning out said boiler; that if he had been so notified he could and would have closed the valve and taken steps to keep it closed while working in said boiler.

Appellant moved to make each paragraph of the complaint more specific by alleging additional facts relating to the authority, duty and conduct of Harry Green, who it

1.   is alleged was appellant's master mechanic and vice-principal, and also calling for some additional facts with reference to other employes of appellant at the time of the alleged injuries. An examination of the complaint shows that each paragraph is sufficiently specific to advise appellant of the negligence charged and to enable it to know definitely what it would have to meet on the trial.

It has been held that a plaintiff is not required to plead specifically facts which are peculiarly within the knowledge of defendant, and this rule is applicable in this case. *Knick-*

erbocker Ice Co. v. *Gray* (1908), 171 Ind. 395, 402; *Louisville, etc., R. Co.* v. *Crunk* (1889), 119 Ind. 542, 546; *Feighner* v. *Delaney* (1898), 21 Ind. App. 36; *Indiana Bicycle Co.* v. *Willis* (1897), 18 Ind. App. 525, 528.

The several paragraphs of amended complaint are challenged as insufficient because they 'fail to show that the negligence charged was the proximate cause of appellee's injuries; also, that it is not shown that appellee was ignorant of the danger of which appellant failed to give him warning; that the complaint shows that the negligence, if any, was that of a fellow servant.

We do not think the objections can be sustained, for in each paragraph it is clearly alleged that the injuries were caused by the negligence charged, and the facts alleged are so related as to show that the injuries were the proximate result of the particular negligence charged in the several paragraphs of complaint, and likewise that the negligence relied on is that of appellant, or its responsible agent acting in its stead. Appellee's want of knowledge of the danger and appellant's knowledge thereof and failure to notify appellee are definitely shown in each paragraph. The demurrers were properly overruled. *Knickerbocker Ice Co.* v. *Gray, supra; Robertson* v. *Chicago, etc., R. Co.* (1896), 146 Ind. 486; *Haskell & Barker Car Co.* v. *Przezdziankowski* (1908), 170 Ind. 1, 8, 14 L. R. A. (N. S.) 972, 127 Am. St. 352; *Louisville, etc., R. Co.* v. *Heck* (1898), 151 Ind. 292; *Louisville, etc., R. Co.* v. *Wagner* (1899), 153 Ind. 420; *City of Fort Wayne* v. *Patterson* (1900), 25 Ind. App. 547; *Taylor* v. *Evansville, etc., R. Co.* (1889), 121 Ind. 124, 6 L. R. A. 584, 16 Am. St. 372; *City of Fort Wayne* v. *Christie* (1901), 156 Ind. 172; *Standard Oil Co.* v. *Fordeck* (1904), 34 Ind. App. 181; *Baltimore, etc., R. Co.* v. *Walker* (1908), 41 Ind. App. 588; *Lake Erie, etc., R. Co.* v. *McFall* (1905), 165 Ind. 574; *Oölitic Stone Co.* v. *Ridge* (1910), 174 Ind. 558.

The alleged error in sustaining demurrers to the third

and fifth paragraphs of answer; which allege that the cause of action is barred by the statute of limitations, will 3. be determined by ascertaining whether the causes of action set out in the amended complaint are the same as that sought to be stated in the original complaint. The amended complaint was not filed until more than two years after appellee received the injury complained of, and if the causes of action therein stated are new and different from that sought to be stated in the original complaint, the action is barred by the statute, and the court, therefore, erred in said rulings.

This is the second appeal in this case. The original complaint was held insufficient by the Supreme Court (see *Fort Wayne Iron, etc., Co.* v. *Parsell* [1907], 168 Ind. 223). The substance of that complaint, which was in one paragraph, is set out in the opinion, from which it appears that the parties, the dates, the allegations as to the injury, the transaction and the alleged transfer of plaintiff from one employment to another are identical with those shown by the amended complaint, but it is contended that the actionable negligence charged is so different as to make a new cause of action; also that the opinion settles the theory of the original complaint, and is the law of the case.

The opinion undoubtedly is the law of the case as to all questions presented and decided, but not so as to new or additional questions arising on the second trial and 4. presented by this appeal. *City of Logansport* v. *Humphrey* (1886), 106 Ind. 146; *Keller* v. *Gaskill* (1898), 20 Ind. App. 502; *Brunson* v. *Henry* (1898), 152 Ind. 310.

The original complaint contained the same general averments as the several paragraphs of the amended complaint. The Supreme Court held that the averments did not 5. bring the case within any of the provisions of the statute, and must be "treated as an action at common law, and the sufficiency of the complaint determined upon

that theory." The court further held the complaint insufficient, on the theory that appellant failed to provide means of preventing the entrance of steam and hot water into the boiler while appellee was working therein, for the reason that the complaint showed that some means were provided for that purpose, but failed to show "in what respect they were defective or inadequate;" also that it was not shown but that such means, if used, would have been sufficient. The court also found the complaint insufficient for failure to notify appellee of the danger, as the complaint did not show any necessity for such notice. The court said: "In short, we are unable to say from the uncertain and confused allegations of the complaint that there was a defect in the construction or maintenance of the apparatus connected with the boiler which made the place in which appellee was set to work inherently dangerous. Neither are facts pleaded to show that appellee was set to work amidst such surroundings and conditions as to expose him to any unknown danger without proper precaution for his safety." The court concluded that the complaint disclosed no special peril to appellee, but that the danger arose from the negligence of a fellow servant in failing "to use, or in the improper use of, appliances furnished by the master, and, so far as shown, reasonably safe and suitable for the purpose for which they were designed."

It thus appears that the Supreme Court found in the original complaint allegations which suggested an attempt to state a cause of action (1) under the employers' liability act, (2) for defective or insufficient means of preventing steam from entering the boiler, (3) for failing to notify appellee of the danger, and (4) for defects in the construction or maintenance of the apparatus connected with said boiler. In other words, there was some statement, though imperfect, of the same causes of action found in the several paragraphs of the amended complaint.

In the case of *Indianapolis St. R. Co.* v. *Fearnaught* (1907), 40 Ind. App. 333, this court quoted approvingly from the case of *Jeffersonville, etc., R. Co.* v. *Hendricks* (1872), 41 Ind. 48, as follows: ''The new facts stated relate to the time and fact of the death of the decedent, as alleged in the original complaint. The position of the counsel for appellant would be correct if the new facts stated related to a time and transaction different from the one set out in the original complaint. The cause of action arose, if at all, the moment the death was caused by that company's wrongful act, and it then only became a question of fact, and hence of evidence, what really was the wrongful act.''

In the case of *Jeffersonville, etc., R. Co.* v. *Hendricks, supra,* the court showed that both in the original and the amended complaint the cause of action was for the death of Mrs. Hendricks, caused by the wrongful act of the defendant company, and not the particular manner or means of her death, and in the case of *Indianapolis St. R. Co.* v. *Fearnaught, supra,* this court said: ''The facts set out in the original and in the amended complaint in the case at bar manifestly describe the same occurrence, and show that the negligence of appellant caused appellee's injury, and the court did not err in overruling the demurrers.''

Averring additional facts relating to the same occurrence does not necessarily signify that a new cause of action is stated.

In the case of *Shirk* v. *Coyle* (1891), 2 Ind. App. 354, 358, this court said: ''In determining this question, however, we must look to the substantial nature of the claim so introduced into the action, and not to the formal manner in which it is declared upon as the basis of a legal liability. * * * Where an additional paragraph of complaint filed as an amendment does not introduce into the action a new right, but simply declares upon the original cause in a different legal manner, the

amendment relates to the time of the commencement of the action, and an answer setting up the statute of limitations which does not show it to have been barred at that time is bad on demurrer.''

Appellant's learned counsel present a formidable array of authorities from other states, which, to some extent, support the contention that a different cause of action from that of the original is stated in the amended complaint, but these authorities cannot control if the courts of our own State have decided the question. In the case of *Indianapolis St. R. Co.* v. *Fearnaught, supra,* on page 336 this court states that the rule in Indiana is different from that of many other states, and our examination of the numerous authorities cited confirms this conclusion.

In the case of *Blake* v. *Minkner* (1894), 136 Ind. 418, cited by appellant, our Supreme Court, in discussing this question on page 426, quotes approvingly the following from Baylies, Code Pl. 323: ''To determine whether an amendment of the complaint will set up a new cause of action, * * * it is a fair test to inquire whether a recovery on the original complaint would be a bar to any recovery under the amended pleading. If it would, the amendment may be allowed; if it would not, the amendment should not be ordered.''

In the cases of *Fleming* v. *City of Anderson* (1907), 39 Ind. App. 343, and *Ohio, etc., R. Co.* v. *Stein* (1894), 140 Ind. 61, our Appellate and Supreme Courts quote approvingly from the case of *Blake* v. *Minkner, supra,* as follows: '' 'Where the amendment does not change the cause of action nor deprive the defendant of any defense which he had to the original suit, the plaintiff's right shall be preserved'. [Buswell, Limitations (1889 ed.) §364.]''

In the case of *Thrall* v. *Gosnell* (1902), 28 Ind. App. 174, 177, this court said: ''One test by which to determine if a new cause of action is alleged is to inquire if the same evi-

dence would support both the original and amended complaints.''

*Ohio, etc., R. Co.* v. *Stein, supra,* is a case which presents the question in a way somewhat similar to the case at bar. There had been a former appeal in that case and the original complaint was held sufficient, but before the second trial an additional paragraph of complaint was filed, which contained the main allegations of the original complaint and additional allegations as to defects of an engine, and the court said: ''We do not think this fourth paragraph of complaint stated a new cause of action. The restatement of the original cause of action, whether in the form of an amendment to the complaint or by means of an additional paragraph, does not constitute the bringing of a new action.''

In *Cleveland, etc., R. Co.* v. *Bergschicker* (1904), 162 Ind. 108, we have another case where the question arose in a manner similar to that of the case at bar. In that case a paragraph of complaint had been filed under the employers' liability act, charging an engineer with an affirmative act of negligence in applying the steam and causing the locomotive to back. The paragraph of complaint on which the judgment was rendered was filed after the period of the statute of limitations had run, and charged negligent acts of omission on the part of the engineer in the manner of adjusting the machinery of the locomotive, whereby the steam escaped into steam chests, and caused the locomotive to back. The court held that the cause of action was the same and that the statute of limitations had not run.

Where a complaint has been held bad on appeal, and the case is afterwards tried on an amended complaint, the action relates to the time of beginning the original action, and a plea of the statute of limitations will be determined as of that date, unless the amended pleading states a new cause of action. *Peerless Stone Co.* v. *Wray* (1896), 143 Ind. 574; *Peerless Stone Co.* v. *Wray* (1898),

152 Ind. 27; *Chicago, etc., R. Co.* v. *Bills* (1889), 118 Ind. 221; *Indianapolis St. R. Co.* v. *Fearnaught, supra.*

Appellant relies largely on the case of *Fleming* v. *City of Anderson, supra,* to show that the amended complaint in this case states a new cause of action. It may be conceded that this is a border-line case on the subject, but this court in that decision does not depart from the precedents fully established by our Supreme Court. The opinion is based on the fact that the original complaint was against a contractor and the city, under circumstances that showed a primary liability against the contractor, and a right of the city to recoup from him in case a judgment was procured, while the amended complaint abandoned all reference to the contractor and made a direct charge of negligence against the city. On those facts this court held that a judgment on the original complaint would not bar an action on the amended complaint, and the conclusion reached is in entire harmony with numerous other decisions of our courts.

In the case of *Baker* v. *State, ex rel.* (1887), 109 Ind. 47, 61, our Supreme Court quotes approvingly a definition of the term "cause of action", given in the case of *Veeder* v. *Baker* (1880), 83 N. Y. 156, 160, as follows: "It may be said to be composed of the right of the plaintiff and the obligation, duty or wrong of the defendant; and these combined, it is sufficiently accurate to say, constitute the cause of action."

Bearing this definition in mind, in looking to the averments of the original complaint we find that it attempted to assert the right of appellee to recover from appellant for the negligent violation of a duty owed by it to him. We also find that in the original complaint there was mention of the various phases of the transaction, and different acts of negligence, which in the amended complaint are stated separately in different paragraphs; but at all times refer to the

same right of plaintiff, based on the same alleged wrong of defendant, and the amended complaint is only "the restatement of the original cause of action."

There is a difference between a defective cause of action and a defective statement of a cause of action. In the case at bar, the original complaint states defectively a good cause of action.

Applying the test that the cause of action will not be considered new if a judgment on one complaint would be a bar to a judgment on the other, it may be helpful, for illustration, to make the following inquiry: If the Supreme Court had affirmed the former judgment in this case, would that judgment bar the action on the amended complaint? It must be remembered that the pleadings are a part of the record of every case, and an examination of the original complaint, as already shown, discloses that it stated defectively the identical cause of action set up in the amended complaint. *Terre Haute, etc., R. Co.* v. *Zehner* (1906), 166 Ind. 149, 3 L. R. A. (N. S.) 277. The change in theory, and the separation into paragraphs, are not controlling, for there can be but one recovery for the same injury, whether the complaint states in one paragraph several acts of negligence, each of which may warrant a recovery, or states such acts in separate paragraphs. *Chicago, etc., R. Co.* v. *Bills, supra; Central Union Tel. Co.* v. *Sokola* (1905), 34 Ind. App. 429, 434; *Long* v. *Doxey* (1875), 50 Ind. 385.

As illustrative of the Indiana cases relied on by appellant, we note the following: In the case of *Blake* v. *Minkner, supra,* the original complaint was for partition, and the amended complaint was in ejectment, clearly a different cause of action. A judgment on one complaint would not have been a bar to a judgment on the other complaint.

In the case of *Thrall* v. *Gosnell* (1902), 28 Ind. App. 174, the facts show that a petition was filed for a highway, notice

was given, and a report made by viewers, and there-

5. after it was sought to amend the petition by materially lengthening the highway described. The court held that the law permits amendments to such petitions, but that an amendment which entirely changed the cause of action could not be permitted, as it amounted to the filing of a new petition.

We have already referred to the case of *Fleming* v. *City of Anderson, supra,* and space forbids special mention of other cases cited by appellant. These cases are not in conflict with the prevailing rule established in Indiana, and are clearly distinguishable from the case at bar by the facts shown in each case. Appellant's counsel also cite numerous cases where the proof does not support the theory and allegations of the complaint. These cases are only remotely related to the question of the alleged new cause of action, and cannot control here, as the question we are called on to decide is determined by decisions directly in point.

The amended complaint does not state a new or different cause of action, but simply restates in separate paragraphs the cause of action attempted to be stated in the original complaint. The action, therefore, is not barred by the statute of limitations, and the court did not err in its rulings on the demurrers to the third and fifth paragraphs of answer, aforesaid.

It is contended that the answers to the interrogatories show that the negligence that caused appellee's injuries was that of a fellow servant, and that there was no negligence on the part of appellant or of Harry Green, the alleged vice-principal.

It may be conceded that there are some answers to the interrogatories which, considered apart from the general verdict and other answers, tend to support this the-

9. ory. The general verdict finds every fact essential to a recovery, and must be sustained, unless the an-

swers to the interrogatories are in irreconcilable conflict therewith.

By answers to interrogatories the jury expressly found that Harry Green, at the time of the accident complained of, was a master mechanic in appellant's employ, and had 10. supervision of the engine, boilers and other machinery of its plant, and had authority, in the place of appellant, to hire appellee, and to order him to enter the boiler and to perform the work assigned; that appellee entered said boiler pursuant to his orders; that it was the duty of said Harry Green, acting in the place of appellant, to see that the communication with the other boilers was securely closed; that while appellee was in the boiler said Green failed so to do; that the work of cleaning said boiler was a special service, and more hazardous than the services that had theretofore been performed by appellee; that he did not at the time know that it was more hazardous, and relied on said Green to protect him from danger; that he did not know the water and steam could be discharged from another boiler through the pipes and into the boiler in which he was working; that said Green knew said facts, and knew of the danger, but failed to notify appellee; that the stopcock in question was opened and closed by a wrench two and a half feet long; that when said wrench was left upon the stopcock it extended into a gangway used by many persons; that said stopcock could have been incased, and thereby have prevented appellee's injury; that appellant did not use ordinary care to protect appellee from injury, and could, by such care, have prevented his injury.

These answers nullify any answers tending to show that the injury was caused by the negligence of a fellow servant, and find that Green stood in the relation of vice-principal to appellant, and that his negligence was the proximate cause of appellee's injury. The motion for judgment on the interrogatories was properly overruled. *Walker* v. *Ap-*

*pelman* (1909), 44 Ind. App. 699; *Princeton Coal, etc., Co. v. Downer* (1911), 48 Ind. App. 136.

We have yet to consider the motion for a new trial, which states that the verdict is not sustained by sufficient evidence, is contrary to law, and presents questions of the misconduct of jurors, the ruling on the admission and exclusion of certain testimony and the giving and refusing to give certain instructions.

The rulings on the evidence are not of such a character as to require extended consideration. It is sufficient to say that the questions raised relate to matters that come within the discretion of the trial court, and our examination of them leads to the conclusion that there was no abuse of this discretion, and that the rulings were not harmful to appellant.

The objection to the misconduct of certain members of the jury is based on the fact that some of them had read an article in the newspaper concerning the former trial of the case and the result of the first appeal. The jurors, when questioned, admitted reading the article, and in opposition to the motion for a new trial filed their affidavits stating that said article made no impression on their minds and did not prejudice them against appellant or its defense. Furthermore, it does not appear that the conduct was such as to influence the jury, and no diligence is shown on the part of appellant in investigating the nature and character of the article, which, it appears, could have been done before the jury returned the verdict.

It has frequently been held that the misconduct of a jury must be gross, and clearly appear to have injured the complaining party, to justify the granting of a new trial. And furthermore, that where the trial court hears evidence, either orally or by affidavit, touching such misconduct, its conclusions on conflicting statements will not be disturbed by this court on the weight of the evidence. *Stamets* v. *Mitchenor* (1906), 165 Ind. 672.

Appellant's learned counsel contend with much earnestness, and have cited authorities to show, that Harry Green was not a master mechanic or a vice-principal, but was merely a fellow servant of appellee.

It has been held by our Supreme and Appellate Courts that to determine whether an individual is a fellow servant or a vice-principal the controlling inquiry must be, whether the act or omission resulting in the injury involved a duty owing by the master to the injured servant, and that the question cannot be determined by ascertaining the difference in rank or by the power to hire, discharge or control employes. *Robertson* v. *Chicago, etc., R. Co.* (1896), 146 Ind. 486. However, in the case of *Knickerbocker Ice Co.* v. *Gray, supra,* our Supreme Court held that the facts of looking after machinery, directing the work, hiring, bossing and discharging employes, transferring them from one employment to another, and having general charge of other men, might be considered, and where the jury found that a certain employe was a vice-principal, the court would not, upon such evidence, disturb the finding. *Keller* v. *Gaskill* (1898), 20 Ind. App. 502, 512.

It has also been held that if at the time the offending servant performs an act by which another servant was injured he was in the performance of a duty which the master owed to his servant, he was not a fellow servant, for the master cannot rid himself of the duty he owes to his servant by delegating his authority to another, and if he attempts so to do, the person to whom he delegates the power to act is a vice-principal and not a fellow servant. *Justice* v. *Pennsylvania Co.* (1892), 130 Ind. 321; *Pennsylvania Co.* v. *Whitcomb* (1887), 111 Ind. 212; *Ross* v. *Union Cement, etc., Co.* (1900), 25 Ind. App. 463; *Perigo* v. *Indianapolis Brewing Co.* (1899), 21 Ind. App. 338.

The duty of furnishing a safe place in which employes may work, and of warning them of latent defects or hidden dangers, rests on the master.

The jury found, and the evidence warrants the conclusion, that Green stood in the relation of vice-principal to appellant. *Standard Oil Co.* v. *Fordeck* (1904), 34 Ind. App. 181; *Rietman* v. *Stolte* (1889), 120 Ind. 314.

Green's negligence, found by the jury and warranted by the evidence, in failing to provide a reasonably safe place in which appellee was to work, and to keep it safe while he was working, in failing to warn him of unknown, latent defects and hidden dangers on account of the peculiar construction and maintenance of the boilers and the connecting pipes and valves, pertained to the duty owed by appellant to appellee as its employe, and warrants a recovery for negligence of a vice-principal. *Perigo* v. *Indianapolis Brewing Co., supra; Southern Ind. R. Co.* v. *Harrell* (1904), 161 Ind. 689, 695, 63 L. R. A. 460; *Taylor* v. *Evansville, etc., R. Co.* (1889), 121 Ind. 124, 6 L. R. A. 584, 16 Am. St. 372; *Baltimore, etc., R. Co.* v. *Walker* (1908), 41 Ind. App. 588, 593; *Louisville, etc., R. Co.* v. *Berkey* (1894), 136 Ind. 181; *Keller* v. *Gaskill* (1898), 20 Ind. App. 502, 512.

A corporation necessarily acts through agents and employes. An employe assumes the ordinary risks incident to his employment, but this assumption of risk does not extend to hidden dangers and latent defects. Where there are latent defects or hidden dangers known to the master, or of which he may know by the exercise of ordinary care and diligence, it becomes his duty to give his employes notice of such defects or dangers before requiring them to render services where they may be injured by reason thereof, and failing so to do he is negligent, and thereby becomes liable to one who is injured as a result of such negligence. *Standard Oil Co.* v. *Fordeck, supra; Reitman* v. *Stolte* (1889), 120 Ind. 314; *Knickerbocker Ice Co.* v. *Gray, supra,* 403; *Pennsylvania Co.* v. *Whitcomb* (1887), 111 Ind. 212.

In this case the complaint alleges, and the evidence and answers to the interrogatories show, that appellee was employed as a common laborer, and was engaged in loading and unloading cars; that he was ordered by the master mechanic or vice-principal, Green, to leave such employment and to enter the boiler for the purpose of cleaning it out; that the pipes connecting this boiler with another boiler were under ground and hidden from view; that appellee had never before performed such service; that he was not familiar with the construction of the boiler or the pipes connecting said boiler with the other boilers, or of the stopcock in the pipe leading from the boiler; that appellant and said Green did know of the construction of the boilers and the hidden pipes, but wholly failed to inform appellee of such facts and of the danger incident to the new service required of him, and also failed to close the valve or incase it so as to prevent persons interfering with it.

This transfer of appellee from one employment to another, the want of knowledge on his part, the knowledge on the part of appellant and said Green of the peculiar construction and danger incident to the new employment, and their failure to notify appellee thereof, or to close the stopcock and shut off communication from the other boilers, run through each paragraph of the complaint.

In the face of these facts, the claim that the negligence was that of some fellow servant other than Green cannot operate to relieve appellant of liability, for, at most, it would amount only to concurrent negligence operating with that of appellant and its vice-principal, and liability would still remain against appellant. *Haskill & Barker Car Co.* v. *Przezdziankowski* (1908), 170 Ind. 1, 8, 14 L. R. A. (N. S.) 972, 127 Am. St. 352; *South Bend Mfg. Co.* v. *Liphart* (1895), 12 Ind. App. 185; *Knouff* v. *City of Logansport* (1901), 26 Ind. App. 202, 84 Am. St. 292.

The alleged errors in giving and refusing instructions,

in the main, present in a different way the questions already determined by this opinion.

We think the instructions given by the court state the law fully and fairly to both parties, and that the instructions refused, where applicable, were covered by others given. It is a well-established rule that where the instructions, taken as a whole, state the law correctly and cover all the issues of the case, no error can be predicated on the giving or refusing to give instructions.

We find no available error in the record.

Judgment affirmed.