FRANCISCO P. CINTRÓN, Plaintiff and Appellee, v. INSULAR INDUSTRIAL & AGRICULTURAL EXPOSITION ASSOCIATION, INC., Defendant, and BALBINA BALBAÑO WIDOW OF CASO and DR. JOSÉ B. CASO, Defendants and Appellants.

No. 8253. Argued May 23, 1941.—Decided June 9, 1941.

R. *Rivera Zayas* and *Joaquín Velilla* for appellants. *Harry M. Besosa* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the Court.

In September, 1934, the Insular Industrial & Agricultural Exposition Assn., Inc., filed an action for the collection of money against Francisco P. Cintrón, in the District Court of San Juan, and on September 11 it requested and obtained, to secure the judgment which could be rendered in its favor and after giving the corresponding bond, which was given by Balbina Balbaño widow of Caso and José B. Caso for the amount of $1,200, the attachment of property of Cintrón, consisting of certain apparatus known as "Revolving Wheel," "Revolving Chair," *"Pica de Picar," "Una Pica de Caballitos"* and forty zinc plates. On November 3, 1934, Cintrón obtained the release of the attachment giving another bond in turn. The action was prosecuted to its end and on December 26, 1935, the district court dismissed the complaint and the plaintiff, feeling aggrieved by said judgment, appealed to this Court which affirmed the judgment on February 4, 1938, (52 P.R.R. 611).

On February 3, 1939, Cintrón filed the complaint in this case against the Insular Industrial & Agricultural Exposition Assn., Inc., and Balbina Balbaño Widow of Caso and José B. Caso, to recover $1,200 as the value of the damages

which he alleged to have suffered by reason of the attachment levied on his property in the previous action. The defendants answered the complaint denying all its averments and alleged as special defense that the complaint did not state facts sufficient to constitute a cause of action and that it had prescribed in accordance with paragraph 2 of Section 1868 of the Civil Code, and that as the defendants had bound themselves in the bond to "be liable to said defendant (Cintrón) for any judgment which could be rendered in his favor" and Cintrón had not obtained any pronouncement in his favor in said action, the bond given had become ineffective.

After the trial was held the lower court rendered judgment for plaintiff, condemning the defendants to pay jointly and severally to the plaintiff the amount of $600 as damages, costs and $100 as attorney's fees. Feeling aggrieved by said judgment, the defendants took the present appeal wherein they allege that the lower court erred in permitting the plaintiff to file an amended complaint, in overruling the demurrer for want of facts filed against the amended complaint and the one stated anew in the answer; in admitting evidence offered by the plaintiff when his cause of action had prescribed; in rendering judgment for plaintiff and condemning the defendants in the manner above stated; in overruling the special defense of prescription; in not stating in its judgment that the plaintiff would not be able to obtain compensation for the $53.25 which were attached; in not stating that the damages did not lie because the plaintiff had released the attachment and in not stating that the bond given by the defendants became ineffective because the plaintiff did not obtain judgment granting him any amount in the previous case. The appellants argue the first, second, third, fourth and sixth errors jointly because these errors involve, as they allege, the defense of prescription raised in the lower court and furthermore, because it was not alleged in

the complaint filed in this case that the plaintiff in the previous action acted with malice and in bad faith when he levied the attachment.

The issues of law raised by these assignments of error were decided by the lower court in the course of its opinion, as follows:

"The defendants answered and filed a demurrer for want of facts sufficient to constitute a cause of action because it appeared from the complaint that the action had prescribed in accordance with paragraph 2 of Section 1868 of the Civil Code, saying that as it was alleged in the complaint that the attachment had been levied on September 11, 1934, and dissolved two months later, from the date of the dissolution of the attachment to February 3, 1939, when the complaint was filed, the term of prescription fixed by the aforementioned paragraph 2 of Section 1868 had elapsed. Said paragraph reads as follows:

" 'Section 1868.—The following prescribe in one year:

" '1. * * * * * * *

" '2. Actions to demand civil liability for grave insults or calumny, and for obligations arising from the fault or negligence mentioned in section 1802, from the time the aggrieved person had knowledge thereof.'

"This section, which only covers, as it is clearly set out in its text, the obligations which arise from torts and which give rise to an action *ex delicto,* is not applicable; the action exercised in the instant case is *ex contractu* and is based on the bond whose esential part we have copied already and as we have no knowledge that there exists any special term of prescription for these actions, the second part of Section 1864 of the Civil Code is applicable, which fixes in fifteen years the term of prescription. This term began to run on February 4, 1938, the date when the judgment dismissing the complaint in the previous action became final, and on February 3, 1939, the date when the complaint was filed in the present action, many years still had to elapse before said action could be extinguished by prescription.

"The defendants allege that they are not liable because it was not stated or proved that the attachment was levied maliciously and without probable cause. These elements are necessary only when an action *ex delicto* for malicious prosecution or unlawful attachment is exercised, and not when the action which is filed, as

the one at bar, is a contractual one which arises from the bond given in the previous case, which in turn made it possible for the court to issue an order securing the effectiveness of the judgment and enabling the plaintiff in said action to attach the property of the defendant; due to this the cases cited by the defendants are not applicable at all.''

It is true that in certain American jurisdictions this action is considered *ex contractu,* but since the year 1908 this Court, in the case of *Lowande* v. *Otero & Co., et al.,* 14 P.R.R. 554, has held that in actions of this sort, although based on the law to secure the effectiveness of judgments, what said law does is to apply the rule of Section 1802 of the Civil Code. The Court, speaking through its Chief Justice, Mr. Quiñones, expressed itself as follows:

''Section 4 of the Act of March 9, 1902, 'to secure the effectiveness of judgments', provides:

'' 'If it be clearly shown by means of any authentic document that the fulfillment of the obligation may be legally enforced, the court shall decree the remedy without bond.

'' 'In any other case it should be required that a bond be furnished. The bond thus given shall secure the defendant against any damages caused to him by reason of the remedy.'

''That is to say, that by the mere fact that the provisional remedy was applied for and obtained, *namely, the attachment when levied, if in consequence thereof the defendant should suffer any damage, such damage shall be made good by the sureties, and of course by the principal debtors also, their liability being joint and several.*

''The law in this case applies the doctrine of article 1902 of the former Civil Code, which was subsequently reproduced in section 1803 of the Code in force, according to which 'a person who by an act or omission causes damage to another when there is fault or negligence, shall be obliged to repair the damage so done;' *and there is no doubt that a person is guilty of fault who, to secure the result of an action which he is prosecuting against a specific person, requests and obtains of the court the attachment of the property of his adversary, which attachment afterward, either through improper preparation of the complaint or owing to the said complaint being groundless or frivolous, must be dissolved, after having caused considerable damage and prejudice to the credit or interests of the owner of the property attached.''* (Italics supplied.)

In the case of *Busó* v. *Martínez,* 18 P.R.R. 994, 996, actions *ex delicto* and *ex contractu* were distinguished in the following manner:

"The difference between actions based on contracts and those arising from torts is well defined and understood. *A tort consists in the violation of a right given* or the omission of a duty imposed by law. A breach of contract is the disregard of a right granted or an obligation assumed *by agreement of the parties concerned.* (38. Cyc. 426, and cases cited in note 29.)"

And in the more recent case of *Mejías* v. *López,* 51 P.R.R. 20, Mr. Chief Justice Del Toro, speaking for the Court, expressed himself on this matter as follows:

"Sometimes it is difficult to distinguish between an action *ex contractu* and an action *ex delicto,* but generally speaking it has been well established that the former is for the breach of a duty arising out of a contract either express or implied, and the latter is for the breach of a duty imposed by law, which ordinarily arises out of a negligent or *wrongful act unconnected with any contract between the parties, but may arise either independently of any contract* or by virtue of certain contractual relations as is alleged to have occurred in the case at bar." (Italics supplied.)

In the Treatise, "Restatement of the Law of Torts," adopted and promulgated by the American Law Institute, volume 3, page 443, section 674, the following is stated:

"One who initiates or procures the initiation of civil proceedings against another is liable to him for the harm done thereby, if.

"(*a*) the proceedings are initiated (1) without probable cause, and (2) primarily for a purpose other than that of securing the adjudication of the claim on which the proceedings are based, and

"(*b*) except where they are ex parte, the proceedings have terminated in favor of the person against whom they are brought."

Among the comments to this section there is one marked with the letter "*d*", which reads:

"A particular civil proceeding may be ancillary to other proceedings. Thus, an attachment may be issued to secure the payment of a possible future judgment. If the principal proceedings

were improperly brought under the rule stated in this Section, *compensation for the harm done by the ancillary proceedings is recoverable as part of the damages for the improper initiation of the principal proceedings.* Even though the principal proceedings were properly brought, the ancillary proceeding may be wrongfully initiated. In such case . . . *subjects the persons procuring it to liability* . . . Furthermore, the filing of a bond or the payment of money to release property from attachment, while so terminating the attachment . . . is not a termination in favor of the person who obtained the attachment. In such case if the person whose property is attached proves that the attachment was wrongfully procured, *he may recover for the harm caused by the attachment of his property.*" (Italics ours).

The action, in consequence, is *ex delicto* and it was so held in the recent cases of *Martí* v. *Hernández,* 57 P.R.R. ___, and *Sosa* v. *Heirs of Morales, ante,* p. 362, wherein it was expressly stated that the period of limitation was that of one year provided in Section 1868, paragraph 2, of the Civil Code. The bond simply fixes the maximum of the damages to be collected from the sureties as a consequence of the attachment and the liability for the amount of the bond is a joint liability of the sureties and the principal.

The cause of action for damages in this case arose independently of the contract of bond. The latter was executed precisely to answer to the plaintiff herein for the damages which the wrongful action of the defendant Insular Industrial & Agricultural Exposition Association, Inc., could cause him in attaching his property in the previous action and therefore, the action arises from and is a consequence of the tort of said defendant and not from the contract of bond. So much so, that what the principal and the sureties do is to bind themselves jointly and severally to answer for the damages which may be caused and the action for said damages may be filed against the principal debtor and the sureties simultaneously or against any of them. See Sections 1097 and 1721 of the Civil Code (1930 ed.) and *Muriente* v. *Terrasa, et al.,* 22 P.R.R. 686. Therefore, the action in

these cases prescribes, as it had been already held in the cases above cited, within one year and not within fifteen as decided by the lower court.

Let us see if the action in the case at bar had prescribed. As this Court rendered its judgment in the previous case on February 4, 1938, it was from that date that the action could have been exercised. See *Martí* v. *Hernández, supra*. The original complaint in this case was filed in the lower court on February 3, 1939, that is, a day before the period of one year elapsed, since on computing this term, the first day must be excluded and the last one included, in accordance with Section 388 of the Political Code. *Parés* v. *Echandi,* 55 P.R.R. 156. Appellants maintain, however, that as a demurrer for want of facts sufficient was granted, when the amended complaint was filed on April 11, 1939, the year had already elapsed and the action had prescribed. Appellants' contention is not correct.

The general rule in these cases is stated in 17 R.C.L. 821, as follows:

"The general rule is that an amendment to a petition which sets up no new cause of action, but merely amplifies and gives greater precision to the allegations in support of the cause originally presented, or states new grounds or specifications germane to such charges or allegations, relates back to the commencement of the action, and may be upheld without regard to the statute of limitations."

See also on this point 37 C. J. 1068, Section 507 *et seq.* In the case of *Mohn* v. *Tingley,* 217 Pac. 733, (191 Cal. 470) it was held that:

"If an original complaint fails to state a cause of action and a new or different cause is not set up by the amended complaint, but new matters are added therein merely to make the original cause complete, the amendment, though made after the expiration of the period of limitations, relates back to the time of the filing of the first complaint."

The amended complaint in the case at bar did not set out a new cause of action but simply amplified the averments

of the original complaint. As was stated in the case of *Ft. Wayne Iron & Steel Co.* v. *Parsell*, 94 N. E. 770, 776: "there is a difference between a defective cause of action and a defective statement of a cause of action," and the amendment to the latter relates back to the time of the commencement of the action.

■ The other ground for the errors which we are considering, that is, that it was not alleged or proved that the attachment was levied maliciously and without probable cause, was correctly decided by the lower court since in the case of *Martí* v. *Hernández, supra,* it had been already held that malice is not a necessary element in these actions.

■ The fifth assignment of error alleges that the lower court committed error in weighing the evidence and condemning the defendants to pay to plaintiff the amount of $600 as damages and in awarding plaintiff costs and $100 as attorney's fees.

The appellants allege that as in the previous action the court dismissed not only the complaint but also the defendant's cross-complaint, the latter in consequence did not obtain any judgment in his favor, covered by the bond, and furthermore, that the evidence presented in this case was limited to establishing that the defendant could not use to his advantage the attached property while it was beyond his control, in the festivities in honor of their respective patron saints held at San Juan and Vega Baja.

The bond given by the defendants had nothing to do with the cross-complaint filed by the defendant in the previous action. That bond was given to answer for the damages caused by reason of the attachment levied by the plaintiff on property of the defendant, plaintiff herein.

The fact that it was stated in the bond that the defendants bound themselves to Cintrón "to the amount of $1,200 to answer . . . for any pronouncement in the judgment which may be rendered in its day, in his favor" and that in the previous action no affirmative judgment was rendered

in favor of the plaintiff herein, does not mean that the defendants are not liable under the bond. This bond, in accordance with Section 4 of the Law to secure the effectiveness of judgments, answers for the damages caused to the defendant by reason of the attachment and it was held in the case of *Avilés* v. *Sons of Rafael Toro, Ltd.,* 27 P.R.R. 616, that "that condition is a part of the contract although it is no expressly included in the bond, because the plaintiffs having relied on that statute in moving for the attachment, they were not only bound by that part of the law which favors them, but they also assumed the responsibility which the statute creates against them." See also on this point 9 C.J. 34, cited in said case. The defendants are liable for the damages suffered by the plaintiff by reason of the attachment levied on his property.

■ With respect to the amount of the damages, we have read the testimony of the witnesses presented by the plaintiff, as it appears from the transcript of the evidence, which testimony was not contradicted by any other evidence of the defendants and we are of the opinion that it upholds the conclusion arrived at by the lower court. This testimony tended to show that the plaintiff had suffered damages during the two months that the attachment was in force, exceeding $2,000, due to the profit which he failed to earn in the exploitation of his machines in the festivities held in honor of St. Matthew, in Santurce, and in honor of Our Lady of the Rosary, in Vega Baja, an amount which was considered excessive by the lower court and which it reduced to $600, taking into account the testimony given by the plaintiff, the expert testimony, the attendant circumstances and especially what had been held in the case of *Avilés* v. *Sons of Rafael Toro, supra.* In said case the rule stated in that of *Muriente* v. *Terrasa,* 22 P.R.R. 686, was ratified when it was said:

"We then said, and now repeat, that section 1073 of the Civil Code provides that an indemnity for losses and damages includes not

only the amount of the loss which may have been suffered, 'but also that of the profits which may not have been realized.' "

The error assigned was not committed.

■ Neither was the seventh alleged error committed, since the lower court did not grant any compensation for the attachment of the $53.25, nor was the eighth assigned error committed because the fact that the plaintiff released the attachment in the previous action does not deprive him of the right to recover the damages caused him during the time when the attachment was in force. The ninth assignment of error is disposed of by what we have said already in relation to the fifth.

The trial court did not abuse its discretion when it held that the defendants had been obstinate and condemned them to pay $100 as attorney's fees.

The judgment appealed from is affirmed.

ON MOTION FOR REHEARING

June 18, 1941

The appellants request that we reconsider the judgment rendered on June 9, 1941, whereby we affirmed that of the lower court.

The appellants insist that said court should have granted the demurrer for want of facts sufficient to constitute a cause of action filed against the amended complaint and that as a consequence thereof, it should not have admitted any evidence in support of the same, since the action had prescribed, and they argue, furthermore, that it should have been alleged and proved by the plaintiff that the attachment was unlawfully levied and that he owed nothing to the defendants.

It is true that, notwithstanding that the defendants appellants only argued in the lower court the demurrer based on the prescription of the action, as it appears from the order issued by the lower court (page 17, transcript of the record), in their answer they set out as a special defense not only

the demurrer based on the prescription but the demurrer for want of facts sufficient to constitute a cause of action, but it does not appear that said demurrer was argued or decided. In any event, we are of the opinion that the complaint in this case, although by no means a model pleading, alleges facts sufficient.

There was alleged the former action, the attachment levied on the property of the plaintiff herein, that he was deprived of its possession during two months, that the former action ended by a judgment which is final, rendered against the attaching creditor, and also the damages suffered.

 The judgment rendered in the previous action shows that the plaintiff herein owed nothing to the Insular Industrial & Agricultural Exposition Association, Inc., as was decided by this Court in affirming the judgment rendered by the lower court (52 P.R.R. 611) and that consequently, said association had no right to attach the property of the plaintiff. The fact that in other jurisdictions certain pleadings are demanded in these cases does not imply that we are bound to follow them. We must try to do away with technicalities and simplify the pleadings in all the proceedings, and there is no doubt that such is the modern trend.

Although the authorities cited do not uphold in its totality what was said as *dictum* in the case of *Martí* v. *Hernández,* 57 P.R.R. ___, we are of the opinion that we should formally ratify said *dictum* at present, as follows:

" . . . All that the plaintiff in an action of this kind has to allege and prove is that his property has been attached; that the action which had been brought against him and in which the attachment had been decreed terminated by a final judgment in his favor; and the damages suffered . . ."

 Appellants also allege in their motion that the judgment appealed from should have been reversed because it is not upheld by the evidence. We are not convinced by the appellants that the plaintiff should have been required to

prove that he had obtained a permit (in the festivities of St. Matthew in Santurce and Our Lady of the Rosary in Vega Baja) to exploit his amusement apparatus, since if the latter were attached, without his being able yet to give bond for the release of the attachment, he could not be requested to prove that he had secured a place wherein to install them. We have already stated in our previous opinion that the defendants did not offer any evidence to contradict that of the plaintiff in regard to the amount of the damages. Notwithstanding this, the lower court reduced the amount of the damages from $2,000 to $600, taking in consideration the testimony of the plaintiff, the expert evidence and the attendant circumstances. And it applied the rule established in the cases of *Avilés* v. *Sons of Rafael Toro, etc.*, 27 P.R.R. 616 and *Muriente* v. *Terrasa*, 22 P.R.R. 686, to the effect that the damages include not only the amount of the loss which has been suffered but also that of the profit which plaintiff failed to realize.

The defendants could have presented evidence to contradict that of the plaintiff and as they did not do so the lower court was justified in its conclusion.

The motion for reconsideration is denied.